[Civ. No. 5813. First Appellate District, Division Two.—September 15, 1927.]

JACK GOSS, Respondent, v. PACIFIC MOTOR COMPANY (a Corporation) et al., Appellants.

Cooley & Gallagher and Cooley, Crowley & Gallagher, for Appellants.

Barry J. Colding and Theodore Hale for Respondent.

KOFORD, P. J.—This is an action for damages for personal injuries sustained by the plaintiff, caused by the negligent operation of a truck driven by the defendant Kadowaki. The truck ran into a large iron post standing embedded in the sidewalk at a street corner in San Francisco. The iron post broke off and fell upon the plaintiff, injuring him. The defendant operating the truck at the time was an apprentice mechanic in the employ of the defendant and appellant, Pacific Motor Company, which conducted a general garage and repair-shop. The other defendant Murai was the owner of the truck. He had left it at the garage

to be repaired. Judgment was against the driver of the truck, defendant Kadowaki, and also against the defendants operating the garage under the name of Pacific Motor Company. No judgment was given against the other defendant Murai, the owner of the truck. The garage owners, Pacific Motor Company, are the only appellants.

The trial was by a jury and the assignments of error relate in the main to the instructions given, and these in turn relate to the nature and effect of the testimony given at the trial. At the conclusion of the testimony offered by plaintiff, appellant's motion for a nonsuit was denied. Defendants offered no testimony in their own behalf. There was no direct testimony to show the cause or excuse for the truck running into the post on the sidewalk. The driver was not a witness at the trial. He had returned to Japan on account of the Tokyo earthquake. The testimony related to the conditions existing immediately after the collision. The witness Colen testified that one wheel of the truck rested on the remaining stump of the lamp-post on the sidewalk. Witness Fujimori testified that the truck was facing against the sidewalk but not on it. But there was no dispute that the truck came on to the sidewalk and struck down the lamp-post against the plaintiff. This made a *prima facie* case against Kadowaki. (Berry on Automobiles, 4th ed., sec. 405; Huddy on Automobiles, 7th ed., 512.) Appellants point to testimony that a dent found on the rear of the truck indicated that it had been struck by another automobile immediately before this accident, but this testimony was not sufficient to infer that such an occurrence, if it happened, had anything to do with this accident. There was, therefore, no other inference for the jury to draw except that Kadowaki's negligence caused plaintiff's injuries.

In view of the testimony it was not error for the court to say in instruction XV, "So far as the question of negligence is concerned, I instruct you that the plaintiff has made out a *prima facie* case of negligence against the defendant Kadowaki for which he is liable, and the questions, therefore, remaining for your determination are which of the other defendants: viz., the co-partnership sued here as Pacific Motors Company and K. Murai, doing business under the name of Sako Fish Company, is responsible with

defendant Kadowaki for the injury suffered by plaintiff; and the amount of damages to be awarded him.''

This instruction is also attacked in that it tells the jury to determine which of the other two defendants is responsible with defendant Kadowaki, thereby implying (1) that at least one must be responsible; (2) that only one but not both could be responsible; in addition to implying that in any event (3) Kadowaki must be held liable.

Theoretically the driver could be acting for both the other defendants and both of these defendants could be liable, but not so under the testimony. Either Kadowaki was delivering the truck for the owner or for his employer but not for both.

In the expression ''which of the other defendants is responsible,'' there is grammatically an assumption that at least one is responsible, but the instruction is general and introductory in its nature and this implied or indirect assumption of fact is overcome by other direct and circumstantial instructions following it. Instructions number 16 to 22, inclusive, defined the relation of employee and employer in general and instructions number 23 to 28, inclusive, specified in detail the circumstances under which alone a verdict could be returned against each one of the defendants, respectively. Read together the instructions could not mislead the jury into thinking that they must find against at least one of these defendants as claimed by appellant.

It is claimed that the evidence shows defendant Kadowaki was delivering the truck to its owner for his own convenience in that it was parked in the garage in such a way as to block or help block, together with other cars, the exit of his own car in which he wished to go to lunch, it being the lunch hour. His employer, one of the defendants, testified, ''He asked me if he could take the truck out of the shop to the Fish Company and I said he could do so if he pleased.'' The testimony established that the service performed for the owner of the truck in returning it was performed by the garage and not by its employee Kadowaki as a private matter of his own. Obviously it was not necessary for Kadowaki to move the car a number of city blocks in order to clear the entrance to the garage.

The use of the word "permitted," in instruction number 28, did not have the effect of stating that appellants were responsible for the negligence of Kadowaki if they permitted him to use the truck for his own private purposes. The expression can fairly mean only that if his employers permitted him to perform this service for them that they would be liable for his negligent performance of that service. Whether the Pacific Motor Company undertook voluntarily to return the truck to the owner or did so at the owner's request would not, under the facts of this case, affect the liability of the Pacific Motor Company, for, if this company undertook to drive the truck to any place, it was bound to do so without negligence. The instruction is, therefore, not misleading in this respect. Other instructions deal specifically and properly with the issue of whether Kadowaki in driving the truck was the agent and employee of the truck owner defendant or of the garage defendants in so doing.

Instruction number 26 does not have the effect of stating that Kadowaki was in any event the servant of the Pacific Motor Company in stating, "If you find . . . said Pacific Motor Company . . . undertook . . . to deliver . . . the said motor truck . . . and if you further find that the servant and employee of said Pacific Motor Company was guilty of negligence . . . etc."

It was proper for the court to refuse to instruct upon the presumption of responsibility arising from the ownership of the truck. The evidence was undisputed that the truck owner had left it in charge of the garage for repairs and the only issue as to the owner's liability was whether he had expressly engaged the employee of the garage, Kadowaki, as and for his own agent and employee to bring back his truck.

Appellant assigns as error the giving of instruction number 5, which reads as follows: "It is a well settled rule that when the evidence tends to prove a material fact which imposes a liability on a party and he has it in his power to produce evidence which from its very nature must overthrow the case made against him if it is not founded on fact, and he refuses to produce such evidence, the presumption arises that the evidence if produced would operate to his prejudice and support the case of his adversary." This instruction is copied from a quotation of law found in

*Bone* v. *Hayes,* 154 Cal. 759 [99 Pac. 172], which gives, among other citations, Code of Civil Procedure, section 2061, subdivision 7, as supporting authority, but the language is not approved as an instruction to a jury.

Appellants do not indicate in what way this instruction was injurious to them but simply cite *Estate of Moore,* 180 Cal. 570 [182 Pac. 285]. There it was held that an instruction upon the presumption arising from the wilful suppression of evidence, based on Code of Civil Procedure, section 1963, subdivision 5, was error, because there was no evidence to indicate that any such suppression had occurred. The instruction here does not intimate the wilful suppression of evidence but refers to the refusal of a party to produce evidence, if in his power, to overcome the evidence adduced by his adversary. The instruction may be based upon the failure of all of the three groups of defendants to offer testimony in their own behalf, although the instruction was offered by the defendant Murai and not by the plaintiff. What evidence any of these defendants had the power to produce is not apparent from the record. The real issue before the jury, however, was whether either the defendant Murai or Pacific Motor Company was responsible for the negligence of Kadowaki. If the instruction intimates the wilful suppression of evidence it is equally inapplicable to each of these defendants and for that reason it is not at all probable that its effect was to prejudice the rights of either against the claims of his co-defendant. We hold, therefore, that the giving of this instruction was not reversible error under the provisions of article VI, section 4½, of the state constitution.

■ The court did not err in receiving in evidence the city ordinance prohibiting driving upon the sidewalk even though the ordinance was not pleaded. (*Szopieray* v. *West Berkeley etc. Co.,* 194 Cal. 106 [227 Pac. 720].)

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellants for a rehearing of this cause was denied by the district court of appeal on November 14, 1927.