[Civ. No. 9066.   Second Appellate District, Division Two.—January 15, 1935.]

CARRIE MARTIN, Respondent, v. ANGEL CITY BASE-BALL ASSOCIATION, Appellant.

George H. Moore for Appellant.

Kenneth K. Scott and Samuel L. Rummel for Respondent.

WILLIS, J., *pro tem.*—Appellant brings this appeal from a judgment for damages for injuries to respondent resulting from alleged negligence of appellant, and from an order denying a judgment in favor of appellant notwithstanding the verdict of the jury.

As an invitee, respondent attended a baseball game at Wrigley Field, maintained and operated by appellant as a place of public entertainment, and in departing from the grandstand erected and maintained thereon by appellant she fell down a stairway, suffering serious injuries. From photographs and testimony it appears that the stairway, where the accident happened, was one of eleven, each about eight feet wide and containing about fifteen steps. At the top of this stairway, on each side on the aisle level, there was the top or end of a supporting beam, two and one-half inches wide, rising three and a quarter inches above the floor of the aisle, set back one-half inch from the line of the aisle wall into the stairway head and located two and seven-eighths inches from the stair wall. Respondent alleged that such construction constituted an unsafe condition, and that while she was in the act of turning to the left from the aisle to descend the stairway she caught or tripped her foot against this projecting beam end, causing her to fall down the length of the stairway.

The case was tried before a jury, and at the close of plaintiff's evidence motion for nonsuit was made, but ruling thereon reserved, and the record fails to disclose any subsequent order thereon. At the close of the trial defendant moved for a directed verdict in its favor. This was denied; and after verdict was entered in plaintiff's favor defendant

moved for entry of judgment in its favor notwithstanding the verdict. This motion was also denied.

These rulings are assigned as error on the ground that no negligence of defendant was shown and that contributory negligence of plaintiff was established by the evidence. We have examined the record in the light of the briefs and find therein presented a real and substantial conflict on the question of negligence of defendant in respect to the maintenance of the stairhead with the above described projecting beam ends, and on the question in respect to the manner in which the accident happened, and to respondent's conduct at the time of the accident. These conflicts were resolved by the jury in respondent's favor, and under the familiar rule this court is bound thereby, questions of law only being within the jurisdiction of our appellate courts. Nor may this rule be avoided herein on appellant's claim that respondent's version of the accident was so inherently improbable as to be unworthy of belief. Her testimony as to how the accident happened is quite reasonable, and, if true and accepted, clearly established the fact that she caught or tripped her foot on the beam end as she turned to descend the stairway, causing her to fall, without fault on her part, there being no evidence that she knew the projection was where it was or that she acted otherwise than as a person of ordinary care and prudence would act under similar circumstances. The evidence affecting appellant's duty to exercise ordinary care in keeping its stairways and aisles in a reasonably safe condition was such that neither the trial court nor this court on appeal could say as a matter of law that appellant had performed its duty in that respect. It is clear to us that the case was such that the trial court was required to submit the same to the jury.

Over appellant's objection the court admitted the testimony of two witnesses to the effect that the construction of the stairway with the projecting beam ends at the head of the stairs was wrong, of poor design and not built according to good practice. This is assigned as error. Those witnesses were not asked, nor did they express, their opinions as to the character or condition of the structure as it might affect the safety of those using it, but only what in their knowledge was its condition in relation to the standard or approved practice of such stairhead structures. Such

evidence was proper and relevant to an enlightened consideration of the question whether appellant was negligent in the maintenance of such stairhead, and, if so, whether such negligence was the proximate cause of respondent's injuries. (*Long* v. *John Breuner Co.,* 36 Cal. App. 630 [172 Pac. 1132].)

During the trial appellant's offer of evidence of experiments made by a witness in approaching and descending the stairway in the manner described by respondent was refused by the court, and of this appellant complains. While it is the general rule that experimental evidence is admissible if it substantially tends to establish the fact it is offered to prove, it is nevertheless discretionary with the trial court to limit the extent to which such evidence may be received; and it is the duty of the court to refuse its admission when it is doubtful whether it is likely to tend more to confusion than to justice or certainty. (*People* v. *Woon Tuck Wo,* 120 Cal. 294 [52 Pac. 833]; *People* v. *Ely,* 203 Cal. 628 [265 Pac. 818].) The results of experiments made by an individual chosen for the purpose to demonstrate bodily movements in walking or in approaching and descending a stairway are so likely in the nature of things to be what the mind of the individual suggests that it is extremely doubtful whether such personal experiments are safe as proof. Clearly there was no abuse of discretion in denying admission of such proof under the circumstances of this case.

Appellant contends that the court erroneously permitted respondent's husband to give testimony as to expenses paid for his wife's care and treatment. There was no error in the court's rulings, as the evidence admitted was relevant upon the issue of special damage, comprising expenses and loss of earnings of respondent, as alleged in the complaint. It was for the jury to decide that issue upon the evidence, and under the instructions of the court respecting special damages.

Of these instructions appellant complains of three given at plaintiff's request, relating to the measure of damage, being numbered 11, 12 and 13. The contention is that the effect of these instructions, in view of the husband's testimony, was to allow the jury to award double or excessive damages. Instruction number 11 is a correct and

proper expression in amplified form of the element of mental suffering which is recognized as part of the basis of general damages. Instruction number 12 correctly states that loss of earning capacity is an element of general damage. Instruction number 13 clearly is not objectionable on the grounds stated by appellant, namely, that it permits double damages. It distinctly segregates the elements of general and special damages and is predicated on issues joined by the pleadings and evidence presented in support thereof.

A motion for new trial was made in the court below and denied. We find no error therein. The trial court heard the testimony, saw the witnesses on the stand and is presumed to have weighed the evidence on the consideration of the motion for new trial. The decision of that court on the question of weight and sufficiency of the evidence is the second decision thereon and is of much weight when sufficiency of evidence is a point raised in the appellate court. We think the case was fairly tried without error in admission of proof or instruction to the jury, and that the verdict and judgment are supported by the evidence.

The order denying the motion for a judgment notwithstanding the verdict and the judgment are and each of them is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 14, 1935.