[Civ. No. 11274. First Appellate District, Division Two.—July 18, 1940.]

MA ELISA GARCIA et al., Appellants, v. WILLIAM HUNT CONRAD et al., Respondents.

MANUELA RODRIGUEZ et al., Appellants, v. WILLIAM HUNT CONRAD et al., Respondents.

Edward E. Pencevich, Hugh Allen and Richard Dolwig for Appellants.

Gregory, Hunt & Melvin, Bronson, Bronson & McKinnon and James T. O'Keefe, Jr., for Respondent.

NOURSE, P. J.—The plaintiffs have appealed from the judgments and verdict adverse to them in two consolidated actions for damages. They are the two widows and the surviving children of two men who were killed when struck by a motor vehicle operated by the defendant Conrad.

The collision occurred at about 2:45 A. M. on the Bayshore Highway where it passes through the city of South San Francisco. At that point the highway is one hundred feet wide consisting of four paved traffic lanes each ten feet wide, and two macadamized shoulders, each thirty feet in width and connecting with the sidewalk curbing on each side of the highway.

There was no eyewitness to the collision who could tell just how and where it occurred. From the testimony of those called, and from all the inferences and presumptions which the defendants summon in support of the verdict, the facts and circumstances surrounding the collision are: defendants Conrad and Dyer were using the automobile belonging to defendant Alexander with the special permission of the owner; they had been in San Francisco for dinner and had several drinks of liquor; Dyer was asleep as they approached the city of South San Francisco, and Conrad was driving; the night was dark; it had been raining, and the pavement was wet and dark; the deceased had taken their wives to a picture show, left them at one of the homes while the two men went to town for drinks. (Both sides emphasize the drinking incidents of the others and seek to minimize that of their own. The reasonable conclusion from all the testimony is that the two defendants had done their drinking early in the evening, that they were sober at the time of the collision, and that the police officers who arrived soon after the accident found no evidence of intoxication upon them. On the other hand, the deceased apparently started their drinking about the time the defendants stopped theirs. The evidence disclosed that, as they left a tavern, one was intoxicated and that the attending physician found a strong odor of alcohol upon the deceased as he was attending them in the hospital. A reasonable deduction from all the evidence upon this subject is that the defendants had sobered before the accident,

that the deceased were intoxicated at the time, and that this condition of the deceased was a material factor in the causes of the accident.)

The story of the accident in brief is: The defendants were driving south on a broad highway at between thirty-five and forty-five miles an hour, the deceased were walking across the highway, though there is no evidence whether they were going from the east or from the west. They were not at a cross-walk or at a street intersection; they wore dark clothes; the pavement was dark and poorly lighted at that point; Conrad did not see them in time to avoid a collision; he apparently turned his wheel sharply to the right, striking the deceased with the left front headlight and tossing them to the right of the main central portion of the highway. One body was lying twenty-five feet north of the intersection with Miller Avenue and twenty feet from the curb, the other lay about thirty-six feet south of Miller. Some two hundred feet farther south from Miller Avenue is Grand Avenue at which intersection with Bayshore there was an electric traffic device to control the use of the intersection.

■ Upon this evidence the appellants raise the first question: "Was the evidence sufficient to justify the verdict?" The answer must be in the affirmative because the jury might well have inferred from this evidence that the defendants were guilty of no act of negligence, that the accident was unavoidable, or that the deceased were guilty of contributory negligence in crossing the highway at the point and in the condition indicated in the evidence. All the argument addressed to this point by appellants relates to the reasonableness of the jury's conclusion rather than to the lack of evidence to support it. The uncertainty of the evidence relating to the speed of the vehicle might have led the jury to believe that speed had nothing to do with the accident, and that the driver was operating the car in a manner such as other men would have done at the same time and under the same circumstances. The evidence referred to in the statement of facts is sufficient in itself to sustain the verdict if the portions most favorable to respondents were believed by the jury, and on this appeal we must assume that this was done.

■ Secondly, appellants complain of the instructions relating to contributory negligence. The argument is that there

was no evidence of contributory negligence upon which the instructions could be based. Eleven separate instructions are thus criticized, no one of which states an incorrect rule of law on the issue of contributory negligence. The burden of appellants' complaint is that the repeated reference to the issue was prejudicial because it emphasized it to the jury when there was no evidence to support it. It is here that appellants make their error. The evidence is not all one way, and such as there is is not uncontroverted. It should be restated that there was no evidence to show that the deceased were attempting to cross the highway from east to west or from west to east. If they had entered the highway from the westerly curb in the face of an oncoming car with its headlights plainly visible, the jury might well have inferred that they were negligent. It might also have concluded that a reasonable man would have made use of the regular crossing instead of attempting to cross between intersections. But, aside from any conjectures as to what the jury might have inferred or concluded, we are confronted with the direct answer to the point raised—that, since there was *some* evidence from which the jury *might* have inferred contributory negligence, there was no error in the instructions. To the contrary, the settled rule is that when there is some competent and substantial evidence tending to support an issue, the party raising it is entitled to instructions presenting his theory.

Appellants complain of the refusal to give their proposed instruction reading: ''You are instructed that whenever any roadway has been divided into three or more clearly marked lanes for traffic, a vehicle shall be driven as nearly as practical within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.''

As an element of their claim of negligence in the operation of the vehicle, appellants proved by a witness who passed the respondents at a point about a block ahead of the place of impact that they were then in the outer or westerly lane of the highway proper. No other testimony was offered of a change from that lane to another. Testimony was given that after the collision the bodies lay upon the shoulder of the highway, and that the vehicle showed injury to the left front headlight. From this the appellants argue that the

vehicle must have been driven on the shoulder. But respondents point out that it is just as reasonable to assume that the operator turned suddenly to his right to avoid hitting the men, and cite sufficient evidence to support their theory. We can find no prejudice in refusing to give the proposed instruction because there is no evidence of any character which tended in any manner to prove that the vehicle was moved from the lane in which it was traveling except for the express purpose of attempting to avoid injury to the deceased.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 17, 1940, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 16, 1940.