[Crim. No. 3368. Second Appellate District, Division Two.—October 25, 1940.]

THE PEOPLE, Respondent, v. ROBERT BOULWARE, Appellant.

Halverson & Halverson for Appellant.

Earl Warren, Attorney-General, and Burdette J. Daniels, Deputy Attorney-General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 501 of the Vehicle Code (unlawfully driving an automobile while under the influence of intoxicating liquor and causing bodily injury) after trial by jury, defendant appeals.

Viewing the evidence most favorable to respondent (the People), the essential facts are:

December 18, 1939, defendant, while intoxicated, drove his automobile in an easterly direction on Santa Monica Boulevard and at the intersection of said boulevard with Sunset Boulevard and Descanso Street collided with a Chevrolet car, which was stopped because of a ''stop'' semaphore. As a result of the collision Mr. Preston, a passenger in the Chevrolet was injured and defendant's car was turned over.

Defendant testified that as he approached the intersection where the accident occurred he noticed that the signal indicated ''stop'', he observed a truck entering the street from a service station and coming directly toward him. He swerved to the right to escape the truck and collided with the Chevrolet car.

Defendant relies among other grounds for reversal of the judgment on this proposition:

*The trial court committed prejudicial error in refusing to instruct the jury as follows:*

*''A person who, without negligence on his part, is suddenly confronted with unexpected and imminent danger, either to himself or to others, is not expected, nor required, to use the same judgment and prudence that is required of him in the exercise of ordinary care, in calmer and more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise if confronted with the same unexpected danger, under the same circumstances. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinarily prudent*

*person under the same conditions, he does all the law requires of him, although, in the light of after-events, it should appear that a different course would have been better and safer."*

This proposition is tenable. ▮ In order to constitute a crime under section 501 of the Vehicle Code it must appear that defendant (1) was intoxicated, (2) while so intoxicated drove a vehicle, (3) while so driving did some act forbidden by law or neglected some duty imposed by law, and (4) as a proximate result of such act or neglect some bodily injury was suffered by a human being.

▮ There can be no doubt in the present case that there was substantial evidence of the first and second elements required to constitute the crime of which defendant stands charged. However, under defendant's testimony, if believed by the jury, he acted as a reasonably prudent person in swerving his automobile when in imminent peril to escape the truck which was being driven into the boulevard toward him, and thus the fourth element necessary to constitute the crime would be absent. Therefore, he was entitled at his request to have an instruction read to the jury upon the doctrine of "imminent peril". The instruction requested by defendant correctly stated the law *apropos* to defendant's theory of the reason for the accident and, since no other instruction on the subject was given, it was prejudicial error for the trial judge to fail to give the requested instruction or an instruction embodying the principles of law stated therein. Clearly such must be the law in a criminal case where a defendant as the result of the jury's finding may suffer the loss of his liberty by being imprisoned as punishment for his offense, since in civil cases where the result of a jury's verdict may be only to deprive a defendant of his property it has been held prejudicial and reversible error to refuse in a proper case to instruct a jury upon the doctrine of "imminent peril". (*Varner* v. *Skov*, 20 Cal. App. (2d) 232, 238 [67 Pac. (2d) 123].)

For the foregoing reasons the judgment is reversed and a new trial is ordered.

Moore, P. J., and Wood, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 19, 1940.