[Civ. No. 3490.  Fourth Dist.  Nov. 17, 1948.]

ALFRED R. JACKSON, Respondent, v. WILLIAM ERNEST BUTLER et al., Defendants; RALPH DE PALMA et al., Appellants.

Vetron Ricca, Leonard Difani and Monte Fiscus for Appellants.

No appearance for Respondent.

BARNARD, P. J.—This is an action for damages arising out of a collision between an automobile driven by the plaintiff and a truck owned by the defendants Ralph De Palma and Charles De Palma, and driven by the defendant Butler. The collision occurred at 7:30 p. m. on February 15, 1946, on Highway 99, about 2 miles east of Banning. This was a divided highway with two lanes for traffic in each direction. The plaintiff was going west at a speed of 40 miles an hour at a point where there is a long wide curve in the road when he collided with the defendants' truck which was, or had been, also proceeding west. While the plaintiff could see the tail-lights on other cars for half a mile ahead, he did not see this truck which was in the middle of the right-hand lane, in which he was traveling.

At the trial the action was dismissed as to the defendant Butler, who was not served and was not present, and also dismissed as to the defendant Louis De Palma, who was shown to have no interest in the truck. A jury brought in a verdict for $5,886.50, which was reduced by the court in denying a new trial, to $4,101.50. The defendants Ralph De Palma and Charles De Palma have appealed from the judgment, with an attempted appeal from the order denying a new trial.

It is first contended that the evidence is insufficient to justify the verdict. It is argued that there is no evidence to show any negligence on the part of the defendants; that the plaintiff should have seen the truck since his lights were on all of the time; that there is no evidence that the driver of the truck was negligent or that he was parked in the roadway; and that if it could be assumed that no taillight on the truck was burning, there was no evidence that the driver was aware of any such condition.

While there was evidence on behalf of the defendants that this truck was equipped with a taillight and a red reflector there is ample evidence to the contrary. The plaintiff testified that while he saw taillights on other cars ahead of him he saw none on the truck, and did not see the truck itself until he ran into it. A traffic officer, who arrived at the scene a few minutes after the accident occurred, testified that shortly before the accident, while he was chasing a speeder, he passed this truck and could see no taillight; that while he was giving a ticket to the speeder this truck passed him and he could see no taillight; that as soon as he could he followed the truck with the intention of stopping the driver; that when he reached the scene of the accident he examined the truck; that it did not have a taillight or a reflector; that there was a "taillight sill" on the truck but no taillight; and that he looked for but could not find any red glass in the vicinity of the accident. The garageman who towed the truck away testified that he swept the broken glass from the pavement but saw no red glass, and that he then remarked to the traffic officer that he had better put his own red lights on the back of the truck when he towed it in "because there was no light on the back." Nothing more than a conflict appears and the evidence is ample to support the finding of negligence.

It is next contended that the amount of the verdict is excessive and that it appears to have been given under the influence of passion or prejudice. The main argument presented is that the jury brought in a verdict for a lump sum and did not apportion various amounts to the respective items of damage claimed. It is also contended that some items of damage were not supported by sufficient evidence, and that since the amounts were not segregated this nullifies the whole verdict. There is evidence that the plaintiff suffered a broken leg, a concussion of the brain, and other injuries which would well support an allowance of $3,000 for general damages, as prayed for. While the evidence as to special damage is not too full or complete it includes doctor bills, the complete loss of his automobile, loss of its use, loss of earnings for three months and partial loss of earnings for another four months. Any deficiencies in the evidence which otherwise appear were sufficiently covered by the reduction in the amount of the judgment made by the trial court in connection with the motion for new trial. On the record before us, it can neither be said that the judgment is excessive, nor that it was the result of passion or prejudice.

■ Finally, it is contended that the court erred in giving twelve instructions to the jury. The first five of these related to statutory requirements for lights on vehicles on the highway, and merely quoted the language of sections 621(b), 621.5(a), 627(c), 621(a) and 618(a) of the Vehicle Code. It is argued that these instructions assumed that these provisions were not complied with, and also that there was no evidence which would support such a conclusion. These instructions assumed nothing, but merely stated the legal requirements in the language of the statutes. The contention that there was no evidence showing the absence of a proper taillight or reflector has been sufficiently covered. ■ Two other instructions were in the language of sections 514 and 582 of the Vehicle Code which relate, respectively, to driving at a speed which impedes normal traffic and stopping a vehicle upon the paved portion of a highway. It is argued that there is no evidence that the defendants' truck was going slow or that it was stopped. In the absence of the driver of the truck there was no direct evidence as to whether it was going slow or whether it was stopped at the time of the accident. There was evidence that it was going slow shortly before the accident, and the inference could fairly be drawn that it was going slow at the time the accident occurred. Under the circumstances, and in view of the nature of the defense offered, the court properly covered both elements in its instructions and left the question of fact to the jury.

■ In another instruction the jury was told that a violation of a traffic statute constitutes negligence, and that if such a violation is. the proximate cause of an injury the defendant would be liable, provided the plaintiff was not himself guilty of contributory negligence. It is argued that there was no evidence here of negligence on the part of the defendants or that any possible negligence was the proximate cause of the injuries in question. This contention has already been covered. Another instruction was in the language of section 402(a) of the Vehicle Code. It is argued that this instruction, if read at all, should have been read with section 402(c) because the action was dismissed as to the defendant Butler, the driver of the truck. It was stipulated that Butler was at the time employed by Ralph De Palma and Charles De Palma and that he was then acting in the course of his employment. The contention here made is without merit. The complaint as to two other instructions is so obviously without merit as to require no comment. ■ In the last

instruction complained of the jury was told, in effect, that the failure of the plaintiff to see this truck did not constitute negligence as a matter of law. It is argued that the court should have told the jury that if it believed that the plaintiff had good lights and he failed to see the defendants' truck proceeding ahead of him at the rate of 20 miles per hour he was negligent as a matter of law, and could not recover. The question was one of fact and was properly left to the jury. We find no reversible error in the instructions given.

The attempted appeal from an order denying a new trial is dismissed, and the judgment is affirmed.

Griffin, J., and Mussell, J., concurred.