[Civ. No. 17609. Second Dist., Div Two. July 24, 1950.]

CHARLES D. KOON, Appellant, v. SARAH SHER, Respondent.

Demler & Eckert, John R. Nimocks and Warren H. Eckert for Appellant.

Chase, Rotchford, Downen & Drukker, Donn B. Downen, Jr., and Otto M. Kaus for Respondent.

MOORE, P. J.—Appellant sued for damages allegedly suffered from his collision with respondent's automobile. The jury having returned a verdict against him, he now asks for a reversal on the ground of erroneous instructions. The testimony adopted by the jury establishes that (1) appellant was walking easterly on Ocean Boulevard about 30 feet east of Roswell Avenue in Long Beach near the white line which separates the south half of the street from the parking area in the center; (2) respondent was alone driving her sedan, 7 feet wide, easterly in the traveled portion; (3) her brakes were "perfect," her headlights in "good condition," on low beam, and the car was "in good working order"; (4) she had slowed down to 15 miles an hour at Roswell; (5) no one was on the avenue as she arrived there; (6) she was familiar with the vicinity; (7) it was customary "for cars to park north on the south half of the parking space," their front ends coming together with the cars on the north side of the parking area; (8) respondent proceeded along more than a foot south of the white line; (9) there was no safety zone on Roswell; (10) nothing obstructed her view of the highway; (11) no cars were in front of her; (12) suddenly in front of her light beam she saw a person falling; (13) at the same time she felt no jolt on her car; (14) she later found it was Mr. Koon. While she made some statements slightly at variance from the summarized proof and while appellant and his wife in some points contradicted her, yet since the testimony of respondent was adequate and was adopted by the jury as proof of the ultimate facts, contrary evidence is now of no concern in considering erroneous rulings.

■ There is no reasonable ground for holding that the court erred in instructing the jury on unavoidable accident. Respondent was driving cautiously; her headlights burning and she was on the alert. Both Mr. Koon and his wife were dressed in dark clothing. Under such circumstances it was a question of fact whether respondent was negligent. (*Barry* v. *Maddalena*, 63 Cal.App.2d 302, 304 [146 P.2d 974]; *Foti* v. *Morrissey*, 57 Cal.App.2d 328, 331 [134 P.2d 51]; *Garcia* v. *Conrad*, 40 Cal.App.2d 167, 169 [104 P.2d 527].) Appellant was walking and not in the beam from respondent's lights.

She first saw him at the very moment he was falling. Therefore, since respondent was free from negligence, the instruction was appropriate. *Cobarrubia* v. *Buchanan,* *(Cal.App.) 219 P.2d 31, is not pertinent for the reason that in that case the accident was due to the negligence of one of the parties. Also, *Scandalis* v. *Jenny,* 132 Cal.App. 307 [22 P.2d 545], cited by appellant, is not in point. Mr. Jenny, while driving in daytime, saw children playing in the street 400 or 500 feet away in full view. As he approached within 15 feet one child of three was in the center of the street, looking away. The driver maintained his course which was about 3 feet from the infant's position. Suddenly the child turned and ran onto the automobile.

 There was no prejudice caused appellant by the instruction on imminent peril. If respondent was not negligent as a matter of law, she was entitled to have the jury advised that if she was ''unexpectedly confronted with peril arising from either the actual presence, or the appearance, of imminent danger'' she was not required to use the same judgment that is required of a person in calmer and more deliberate moments. Having acted as a reasonably prudent person as she proceeded along Ocean Boulevard where appellant rose suddenly like an apparition before her, she was entitled to the instruction. (*Varner* v. *Skov,* 20 Cal.App.2d 232, 238 [67 P.2d 123]; *People* v. *Boulware,* 41 Cal.App.2d 268, 270 [106 P.2d 436].)

 Appellant deems himself aggrieved because the court instructed the jury to view with distrust any weaker evidence offered on a material issue if they should find it was within appellant's power to produce stronger proof. No prejudice was suffered thereby. Appellant had been treated by Captain Meyers of the Naval Medical Corps who told appellant that he could not appear in court. No attempt was made to take the captain's deposition or to serve him with subpoena. If the jury had found that it was not within appellant's power to produce more satisfactory evidence, then they were not obliged to view the weaker evidence with distrust. If in fact he did explain his failure to produce Captain Meyers, the jury followed the instruction. (*Woodward* v. *Southern Pacific Co.,* 35 Cal.App. 2d 130, 151 [94 P.2d 1028].) In any event such instruction may be given even though there is no occasion for it. (*Wilson* v. *Crown Transfer & Storage Co.,* 201 Cal. 701, 708 [258 P. 596]; *Brown* v. *Sharp-Hauser Contracting Co.,* 159 Cal. 89, 96 [112 P. 874]; *Goss* v. *Pacific Motor Co.,* 85 Cal.App. 455,

*A hearing was granted by the Supreme Court on August 10, 1950.

460 [259 P. 455]; *Lawyer* v. *Los Angeles Pacific Co.*, 23 Cal. App. 543, 547 [138 P. 920].)

▮ Complaint is made of the court's instructing the jury with regard to appellant's crossing the roadway as requested in "defendant's special requested instructions 1 and 2." The language used was section 562(a) and (b) of the Vehicle Code. The proof showed that appellant was lying in the roadway, head 2 feet and pedal extremities 3 feet south of the white line on the south edge of the parking area. Also, "the automobile of respondent was in the roadway," its right front wheel 11½ feet south of the white line and its right rear wheel 11 feet south of the white line. Had appellant been in the parking space when struck by the left fender, he would have been thrown further to the left and away from the roadway, for there was no question but that respondent was driving easterly in the street and on the south side of the parking area and he himself admitted he was struck "in the right back."

Appellant argues that the form of the instruction as to his crossing the roadway was prejudicial, citing *Cole* v. *Ridings*, 95 Cal.App.2d 136 [212 P.2d 597]. There the instruction was erroneous because it did not include subsection b of section 562. In the case at bar the court read subsection b and also gave a series of instructions* which emphasized that the requirement to yield the right of way was not absolute. It is

---

*(Taken from California Jury Instructions Civil.)

201

The law imposes upon the operator of any vehicle using a public highway, and upon a pedestrian, the same duty, each to exercise ordinary care to avoid causing an accident from which injury might result. This duty continues even when one has the right of way over the other.

201-A

While as to a roadway locality such as that involved in this case, a pedestrian has a right to cross the road at any point, these factors of consideration enter into the question of what conduct is required of him in the exercise of ordinary care. First: if he crosses at a point other than within a marked crosswalk or within an unmarked crosswalk at an intersection, the law requires him to yield the right of way to all vehicles on the roadway so near as to constitute an immediate hazard. Second: the amount of caution required to constitute ordinary care increases as does the danger that a reasonably prudent person in like position, would apprehend in the situation.

201-B

You may ask yourselves the question: When is a vehicle so near a pedestrian as to be an immediate hazard? The answer is that the vehicle is that near whenever, if a reasonably prudent person were in the pedestrian's position, he would apprehend the probability of an accident were he then to attempt crossing the path of the approach-

trite to say that a trial court is not required to state all the law in one instruction and all instructions must be read together. (*Callet* v. *Alioto*, 210 Cal. 65, 70 [290 P. 438]; *Stroud* v. *Hansen*, 48 Cal.App.2d 556, 562 [120 P.2d 102].)

There was no error in denying the motion for a new trial. The testimony of respondent was substantial evidence. Conceding that opposed to it to be equally substantial, still her narrative was adopted by the jury as the truth of the matter. That she was negligent as a matter of law was not established. Appellant's report to the hospital was that while walking *across the street* he was knocked down. When found he was lying in the traveled portion of the street and not within the parking area. From such admissions the trial judge might reasonably have concluded that appellant's injuries were caused by his own negligence. (*Hall* v. *Ferguson*, 8 Cal.App.2d 444, 446 [47 P.2d 1073].) In deciding motions for new trials, as in approving a jury's verdict, the judge has a broad discretion and his conclusions will not be upset where there is substantial support for them. (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305, 307 [163 P.2d 689]; *Abrams* v. *American Fidelity & Casualty Co.*, 69 Cal.App.2d 426, 431 [159 P.2d 62]; *Martin* v. *Angel City Baseball Ass'n*, 3 Cal.App.2d 586, 591 [40 P.2d 287].) A more favorable action on the denial of a motion for a new trial will not result from concessions or doubts in the mind of the judge who tried the case. The only matter to be considered under an assignment of the court's refusal to grant a new trial is the order itself. The conversation of the judge is ordinarily of no more im-

---

ing vehicle. [Requested by Defendent: 201, 201-A, 201-B. Given as requested.]

201-C

Before attempting to cross a street that is being used for the traffic of motor vehicles, it is a pedestrian's duty to make reasonable observations to learn the traffic conditions confronting him; to look to that vicinity from which, were a vehicle approaching, it would immediately endanger his passage; and to try to make a sensible decision whether it is reasonably safe to attempt the crossing. What observations he should make, and what he should do for his own safety, while crossing the highway are matters which the law does not attempt to regulate in detail and for all occasions, except in this respect: it does place upon him the continuing duty to exercise ordinary care to avoid an accident.

201-F

It is the duty of the driver of a motor vehicle, using a public highway, to be vigilant at all times and to keep the vehicle under such control that to avoid a collision, he can stop as quickly as might be required of him by eventualities that would be anticipated by an ordinary prudent driver in like position.

portance than that of appellant's counsel. So far as the reviewing court is concerned, the trial court speaks only through its rulings, orders, judgments and decrees and its reasons for them are seldom of any consequence. (*Stone* v. *Los Angeles County Flood Control Dist.*, 81 Cal.App.2d 902, 907 [185 P.2d 396]; *Diaz* v. *Shultz*, 81 Cal.App.2d 328, 333 [183 P.2d 717]; *DeCou* v. *Howell*, 190 Cal. 741, 751 [214 P. 444].)

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.