[Civ. No. 8650.   Third Dist.   Dec. 21, 1956.]

DENNIS DALE PATTERSON, a Minor, etc., Appellant, v. DELTA LINES, INC. (a Corporation) et al., Respondents.

William W. Speer, Richard J. Lawrence and Horace E. Cecchettini for Appellant.

Fitzwilliam and Memering for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment entered upon the jury's verdict in favor of the defendants in a wrongful death action.

The father of the minor, upon whose behalf this action was brought, was instantly killed when struck by a trailer attached to a truck being driven by the respondent Seibert in the course and scope of his employment by the corporate respondent. Respondent Seibert will hereinafter be referred to as the respondent.

The material facts stated in accordance with the rules on appeal follow: The accident occurred near Vacaville at a place on United States Highway Number 40 where the highway is divided into two lanes for southbound, and two lanes for northbound, traffic. The time was just before the break of dawn on September 4, 1952.

Shortly before the accident, the witness Roy Sterner passed the site and observed the deceased's pickup and trailer parked on the shoulder approximately two feet to the right of the right edge of the main traveled portion of the highway used by southbound traffic. Deceased was "squatting down" on the left side of the parked vehicles in such a position that his body extended over the highway proper for a distance of about one foot. No lights were then burning on the pickup or trailer but there was a glass reflector a few feet to the rear thereof. In the absence of evidence to the contrary, it may be inferred that the lack of burning lights on decedent's vehicles continued until the time of the accident. (*Jackson v. Butler*, 88 Cal.App.2d 608, 612 [199 P.2d 63].)

Respondent was driving a truck to which was attached two unloaded trailers. He was proceeding south in the right-hand lane at a speed of 40 miles per hour. Respondent did not see the decedent's parked pickup and trailer until he was within approximately 60 feet of the rear thereof. He

immediately swerved to the left and thereby, apparently, caused his rear trailer to ''whip'' to the right and strike decedent and his pickup. The force of the impact was such that respondent's truck and trailers laid down skid marks for approximately 91 feet before going across a drainage ditch and into an adjacent field where they came to rest about 200 feet to the right of the highway. Hair and blood on the axle of the rear trailer indicated that decedent had been dragged by it to a point 60 feet south of his pickup where his body was found. After the accident two reflectors were found to the rear of decedent's trailer, one of which was severely damaged and the other of which was then in such a position that it would have afforded no warning to vehicles approaching from the north. Respondent's testimony was corroborated by the witness George Lyle who was following respondent's truck and trailer at a distance of about 300 feet. He saw deceased's pickup and trailer approximately at the same time as respondent did, although he was then 300 feet further distant therefrom. However, this does not necessarily mean that respondent was negligent in not observing the decedent's pickup and trailer at the same distance. The witness George Lyle had the benefit of the illumination from the lights on respondent's equipment and he may also have had his attention attracted to the parked vehicles by respondent's sudden swerve to the left. The witness testified that there were no lights burning on the decedent's pickup or trailer and that prior to the accident he did not see decedent nor any reflectors.

Appellant contends that the presumption of due care upon the part of the decedent was not rebutted and that, as a matter of law, respondent was guilty of negligence in driving with his lights on low beam, in swerving to the left instead of proceeding in a straight path, in failing to keep a vigilant lookout, and in not seeing decedent's parked vehicles until he was within 60 feet thereof. Such contentions are not supported by the record. It is not within the province of this court to weigh the evidence. The factual questions as to the negligence of the parties and the proximate cause of the accident were properly submitted to the jury.

Since respondent was not guilty of negligence as a matter of law, there was no error in instructing the jury that if he were ''unexpectedly confronted with peril, arising from either the actual presence or the appearance of imminent danger to himself or to others,'' he was ''not expected nor

required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer and more deliberate moments." (*Koon* v. *Sher*, 98 Cal.App. 2d 530, 533 [220 P.2d 784].)

Likewise, there was no error in instructing the jury that if they found that "it was within the power of a party to produce stronger and more satisfactory evidence than that which was offered on a material point, you should view with distrust any weaker and less satisfactory evidence actually offered by him on that point." It has often been held that no prejudicial error is involved, even where there is no occasion for giving this instruction. (*Koon* v. *Sher, supra,* pp. 533-534.)

The trial court refused to instruct the jury that when there is evidence that one looked but did not see an object clearly visible there is either an irreconcilable conflict in such evidence or the person was negligently inattentive. Such an instruction is argumentative and need not be given. (*Cooper* v. *Smith,* 209 Cal. 562, 566 [289 P. 614] ; *Schwenger* v. *Gaither,* 87 Cal.App.2d 913, 914-915 [198 P.2d 108].)

Appellant complains because the trial court read the following portion of section 627 of the Vehicle Code to the jury :

"Outside of a business or residence district and during the times mentioned in Section 618 hereof a rear light meeting the requirements of Section 621 hereof must be displayed upon any vehicle parked or standing upon a highway."

Appellant argues that the provisions of the quoted section are inapplicable since the shoulder upon which decedent's pickup and trailer were parked did not constitute a part of the "highway." Section 81 of the Vehicle Code defines a "highway" as "a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel." It may include the shoulder as well as the "roadway" which is "that portion of a highway improved, designed or ordinarily used for vehicular travel." (Veh. Code, § 83.) When the Legislature has wished to limit the application of certain statutory provisions to the "main traveled portion of the highway," it has done so. (Veh. Code, § 582.) It did not so limit the provisions of section 627. We conclude that section 627 applies to vehicles parked on the shoulder. The trial court did not err in reading to the jury the statutory requirements as to lights on parked vehicles. Neither did the trial court err by failing to instruct the jury, on its motion, that the presumption of

negligence arising from a violation of a statute may be rebutted by evidence of excuse or justification for such violation. If appellant desired such an instruction, it was his duty to propose it.

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.