Hazel M. MEERDINK, Plaintiff-Appellee,

v.

Irma OTT, Defendant,

v.

The AETNA CASUALTY & SURETY CO., Garnishee-Appellant.

No. 13891.

United States Court of Appeals
Third Circuit.

Argued May 15, 1962.

Filed Aug. 30, 1962.

Marsh, Spaeder, Baur, Spaeder & Schaaf, Erie, Pa., By John A. Spaeder, Erie, Pa., of counsel, for garnishee-appellant.

John M. Feeney, McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for appellee.

Before KALODNER, HASTIE and SMITH, Circuit Judges.

SMITH, Circuit Judge.

This appeal is from a summary judgment entered in a garnishment proceeding initiated by the plaintiff after her recovery of a judgment against the defendant in an action for personal injuries. The defendant is not a party to this appeal. A brief recital of the history of the litigation will place the questions raised in proper context.

The plaintiff, a domestic servant and companion in the employ of the defendant, accompanied her employer on a vacation trip to California. While a passenger in an automobile owned and operated by the defendant, the plaintiff sustained personal injuries when the automobile collided with another vehicle. The accident occurred on April 13, 1959, in Los Angeles. When they returned to Pennsylvania the plaintiff commenced two successive actions against the defendant, the first of which was dismissed without prejudice shortly after the commencement of the second.

The defendant's automobile was covered by a public liability policy issued by the Aetna Casualty & Surety Company, the garnishee. While the first action was pending, the garnishee disclaimed liability under the said policy on the ground that coverage was specifically excluded by a clause contained therein. The garnishee nevertheless undertook the defense of the action on behalf of the defendant upon her execution of a non-waiver agreement which contained the

usual reservation of defenses. The attorneys for the garnishee filed an answer on behalf of the defendant in the second action. The answer contained, in addition to a general denial of liability, an affirmative allegation that recovery was barred under the "guest statute" of California. 66 West's Ann.Cal.Code, § 17158. There was no other affirmative defense raised.

The plaintiff recovered a judgment against the defendant and thereafter instituted a garnishment proceeding pursuant to the provisions of the Pennsylvania Rules of Civil Procedure as amended, 12 P.S.Appendix, rules 3101 to 3149, and Rule 69(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. A writ of execution, accompanied by interrogatories, was served upon the garnishee. The garnishee resisted the garnishment on its own behalf and filed an answer in which it denied liability to the defendant and alleged affirmatively that coverage under the policy was excluded.

The denial of liability was predicated upon the following exclusion clause:

"This policy does not apply * * *:

\*　　\*　　\*　　\*　　\*

"(e) to bodily injury to any employee of the Insured arising out of and in the course of (1) domestic employment by the Insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the Insured;".

This clause, as we construe it, precludes recovery on the policy if the injury arising out of and in the course of domestic employment is compensable under "any workmen's compensation law."

The matter came before the court below on a motion for summary judgment filed by the plaintiff pursuant to Rule 56 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The garnishee filed a written answer in which it repeated, but at greater length, the defense set forth in its answer to the interrogatories. The court concluded that there was no genuine issue as to any material fact and thereupon entered judgment in favor of the plaintiff.

The parties to this appeal agree, and the court found, that the Pennsylvania Workmen's Compensation Act does not "apply to or in any way affect any person who at the time of injury is engaged in domestic service * * *." 77 P.S. § 1a. The court found "that the situation [was] governed by Pennsylvania law" and held that absent a remedy under the said Act the exclusion clause could not be raised as a defense in the garnishment proceeding. The court declined to consider the possible applicability of the California Workmen's Compensation Act. This was error. The exclusion clause was a valid defense in the garnishment proceeding if compensation benefits are, or were, "in whole or in part * * * payable * * * under any workmen's compensation law."

■ An employee who sustains a personal injury arising out of and in the course of employment may seek compensation benefits under the workmen's compensation laws of either the state of employment or the state of injury. Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943); Pacific Employers Industrial Accident Ins. Co. v. Industrial Accident Comm., 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939); see also Weinberg v. State Workmen's Ins. Fund, 368 Pa. 76, 81 A.2d 906 (Pa.Sup.Ct. 1951). Since the Pennsylvania Act is not applicable in the case of domestic servants, we look to the law of California, the place of injury. The narrow question raised by the defense in the garnishment proceeding is whether the plaintiff had a remedy under the workmen's compensation laws of California at the time of the injury.

The pertinent provisions of the California Workmen's Compensation Act are Sections 3351, 3358.5, 3600, 3601 and 3706, 44 and 45 West's Ann.Cal.Code, which read as follows:

Section 3351. "'Employee' means every person in the service of an em-

ployer under any appointment or contract of hire or apprenticeship, express or implied, oral or written * * *."

Section 3358.5. "Any person engaged in household domestic service who is employed by one employer for over 52 hours per week is an employee under this division."

Section 3600. "Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as provided in Section 3706, shall, without regard to negligence, exist against an employer for any injury sustained by his employees arising out of and in the course of the employment * * *, in those cases where" the conditions of compensation defined by the section concur.

Section 3601. "Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, EXCEPT AS PROVIDED IN SECTION 3706, the exclusive remedy against the employer for the injury or death." (Emphasis by this Court.)

Section 3706. "If any employer fails to secure the payment of compensation, any injured employee or his dependents may proceed against such employer by FILING AN APPLICATION FOR COMPENSATION with the commission, and, in addition, MAY BRING AN ACTION AT LAW AGAINST SUCH EMPLOYER FOR DAMAGES, as if this division did not apply." (Emphasis by this Court.)

■ It is conceded in the instant case that the defendant had failed to secure the payment of compensation; she was not insured against liability to pay compensation and had not obtained a certificate of consent to self-insure. See Section 3700, 45 West's Ann.Cal.Code, 3700. It is clear that under these circumstances the right of an employee to maintain an action at common law and the right to apply for compensation benefits are cumulative and not mutually exclusive. Chakmakjian v. Lowe, 33 Cal.2d 308, 201 P.2d 801 (Sup.Ct.Cal.1949); Blinkinsop v. Weber, 85 Cal.App.2d 276, 193 P.2d 96 (Cal.C.A.1948).

We are of the opinion that the plaintiff was entitled to the benefits of the California statute at the time of her injury if she was an employee within the meaning of Sections 3351 and 3358.5 thereof, supra, and the conditions of compensation prescribed by Section 3600, supra, were present. It follows that the issues raised by the defense interposed by the garnishee were essentially factual and their determination was a prerequisite to the entry of judgment. The entry of summary judgment foreclosed the presentation of evidence relevant and material to the factual issues.

■ The court below further held that the failure to raise the California Workmen's Compensation Act as a defense in the action for personal injuries foreclosed reliance on the exclusion clause as a defense in the garnishment proceeding. This was error. The right of the plaintiff to maintain a common law action and the liability of the defendant were governed by the law of California, the place of the wrong and the consequential injuries. Bednarowicz' Estate v. Vetrone, 400 Pa. 385, 162 A.2d 687 (Pa.Sup.Ct. 1960); Maxson v. McElhinney, 370 Pa. 622, 88 A.2d 747 (Pa.Sup.Ct.1952); Randall v. Stager, 355 Pa. 352, 49 A.2d 689 (Pa.Sup.Ct.1946). Since the provisions of the said Act were not a bar to the common law action, they could not have been pleaded as a defense in the main action.

■ The judgment entered in favor of the plaintiff and against the defendant in the main action was final and conclusive as to the nature and the extent of the defendant's liability. It was not final and conclusive as to the garnishee's liability on the policy of insurance; the issue was not relevant and could not have been raised in the main action. Restatement of the Law, Judgments, § 107. There can be no doubt that the reservation of rights and defenses under the non-waiver agreement was valid and ef-

fective under the law of Pennsylvania. Laroche v. Farm Bureau Mut. Automobile Ins. Co., 335 Pa. 478, 7 A.2d 361 (Pa.Sup.Ct.1939). The defense, based on the exclusion clause, was effectively reserved.

The judgment of the District Court will be reversed and the action will be remanded for further proceedings not inconsistent with this opinion.