[Sac. No. 4306. In Bank.—June 17, 1930.]

CLAUD COOPER, Respondent, v. FARRIE B. SMITH, Appellant.

George A. Corbett for Appellant.

Ware & Ware for Respondent.

FINCH, J., *pro tem.*—This is an action to recover damages for personal injuries sustained by the plaintiff when struck by the defendant's automobile. Judgment was entered in favor of the plaintiff and the defendant has appealed.

The accident occurred April 27, 1927, on the highway running in a northerly direction from Chico. At the time of the accident H. J. Stover's automobile was parked on the east side of the highway, facing north, the left wheels

about three feet east of the east edge of the pavement, which was fifteen feet in width. The plaintiff's truck, facing south, was parked on the opposite side of the highway, the left wheels thereof being about three feet west of the west edge of the pavement. The plaintiff was standing by the side of Stover's automobile, about two feet from the pavement. About 60 feet south of the plaintiff's position there is "a slight turn in the road" to the east, but the plaintiff had an unobstructed view of the highway for about 600 yards in a southerly direction. The plaintiff testified:

"I made a survey down the highway 150 or 200 feet to see if I had time to cross, . . . and seeing that there was no other car in sight I immediately started across the highway, . . . took a step or so, glanced to the north to see that no more cars were coming, probably took one more step, making probably three or four steps, again glanced to the south and seen the machine was on top of me. . . . At that time I was walking leisurely, probably three or four steps, probably a step to the second, not over about four seconds, when I glanced up and seen this car on me. . . . It was coming from the south, . . . about 40 or 45 feet away from me. . . . The car was in about the middle of the east half of the highway and I was within a foot or 18 inches of the middle of the highway. . . . I dodged back one step to try to get out of the way of it, and as I did that, why the car bumper hit my leg, broke it here, and I hit the fender and the headlight and the cowl and pretty near every other place that is on that (left) side of the car. . . . It swayed to the left towards the center of the highway, and I dodged back a step to the east to get out of its way." He further testified that the defendant gave no warning of her approach, that she was driving at about 40 miles an hour, and that her automobile finally came to a stop about 160 or 165 feet from the point where it struck him.

Stover gave testimony substantially to the same effect as that of the plaintiff. He and other witnesses testified that the defendant said "it was her fault, that she should have blown her horn; . . . that she had been driving between 35 and 40 miles an hour."

The defendant testified that she was driving "in the center of the highway" between 33 and 35 miles an hour;

that when she was about 300 feet from the Stover automobile she saw the plaintiff "standing on the dirt portion," facing north; and that she continued to observe him as she approached. She further testified:

"He turned and looked across the highway and I thought he heard me coming, . . . and I kept looking and wondering if he was going to look my way, and when I was in . . . probably fifteen feet of the rear end of Mr. Stover's car, he turned about face and stepped out in front of my car, at that time facing north, and when he did, his steps were about three or four, but the first step I know was taken rather rapid, swift. . . . I took my foot off the accelerator and let out my clutch and used my foot brake, reached for the emergency and with my left hand steered my car to the west. . . . I judge my automobile went about between twenty and twenty-five feet. . . . Just before I came to the rear part of Mr. Stover's car, probably ten feet before I was to the rear, . . . I was going thirty-five."

The foregoing evidence is clearly and substantially conflicting on the issues of the defendant's negligence and the plaintiff's contributory negligence and the question of the defendant's last clear chance to avoid the accident, notwithstanding the plaintiff's negligence, if any. At the time of the accident the speed limit was 35 miles an hour. (Stats. 1923, p. 553.) A speed in excess of 35 miles an hour constituted negligence. It was a question for the jury to determine whether it was negligence, under the circumstances shown, for the defendant to approach the place of the accident without any warning or slackening of speed. If, as the plaintiff testified, the highway was clear for 150 or 200 feet when he started across the pavement, it is a reasonable inference that he was not negligent in attempting to cross. If, on the other hand, as testified by the defendant, the plaintiff, without looking to the south, started to walk rapidly across the pavement when the defendant's automobile was only a few feet away, he was clearly guilty of negligence. If, after observing that the highway was clear for 150 to 200 feet to the south, the plaintiff leisurely and negligently walked over the east half of the pavement without again looking, "oblivious to or unconscious of his position of danger," and the defendant, as she testified,

"kept looking" at him and "wondering if he was going to look" her way, and thereby became aware of the fact that he was unconscious of the danger, then the doctrine of the last clear chance is applicable. (*Berguin* v. *Pacific Elec. Ry. Co.*, 203 Cal. 116, 123 [263 Pac. 220].)

After instructing the jury as to the measure of damages, if the jury found for the plaintiff, the court said:

"In regard to these compensatory damages, I wish to say to you that you have a right to take into consideration and find for the plaintiff for his injuries and pain, and suffering, as well as the other things that I have stated herein."

The appellant contends that this instruction is a direction to find for the plaintiff. Fairly construed, however, and considered in connection with other instructions on the subject, the instruction correctly tells the jurors, if they find for the plaintiff, to award him compensation "for his injuries and pain and suffering" etc. Other instructions stated:

"The fact that I have instructed you or may instruct you upon the measure of damages in this case is not to be taken by you as an intimation that I believe or do not believe that plaintiff is entitled to recover damages in this action. . . . Instructions on damages are to be considered only where under the evidence and instructions from the court you believe that the plaintiff is entitled to recover but they should not be considered by you where the liability of the defendant has not been established."

Complaint is made of the court's refusal to instruct the jury that "when to look is to see and a party or witness states that he looked and did not see, his testimony in this respect to-wit, that he looked, must be disregarded." The proposed instruction is a mere commonplace, within the knowledge of all the jurors, and is argumentative, rather than a statement of law. The court fully, and in terms favorable to the defendant, instructed the jury as to the plaintiff's duty to look before and while crossing the pavement.

The other grounds urged for a reversal of the judgment have been carefully considered and it does not appear that any of them have merit. The record shows a substantial conflict in the evidence on every material issue and, there-

fore, the implied findings of the jury are conclusive on appeal.

The judgment is affirmed.

Waste, C. J., Shenk, J., Tyler, J., *pro tem.*, Preston, J., Seawell, J., and Curtis, J., concurred.