[Civ. No. 13716.   First Dist., Div. Two.   Oct. 13, 1948.]

KARL F. SCHWENGER, Respondent, v. EMMETT H. GAITHER, Appellant.

Campbell, Hayes & Custer, Austin D. Warburton and Alfred B. Britton, Jr., for Appellant.

Gregory, Hunt, Melvin & Faulkner, Edward M. Fellows and O. Vincent Bruno for Respondent.

DOOLING, J.—Plaintiff had a verdict for $5,000 for injuries resulting from an intersection collision between his and defendant's motor vehicle. Plaintiff was traveling easterly; defendant was traveling northerly. Defendant's car collided with that of plaintiff in the southeasterly quarter of the intersection causing it to turn over. Plaintiff suffered a fractured left ring finger, injury to the middle left finger requiring amputation of the tip or end, and a laceration of the left index finger.

On direct examination the plaintiff testified that he got a glimpse of defendant's car when it was about 5 feet from his car and that in his opinion it was traveling at a speed of 40 miles per hour. On cross-examination the plaintiff was asked the single leading question: "But you don't know as to miles per hour; forty miles an hour is just a guess, is that right?" The plaintiff answered, "That is right." Thereupon a motion to strike the witness' testimony as to speed was made and denied. No attempt was made to develop the basis of the plaintiff's estimate of speed further nor to determine what meaning he understood and intended by the word "guess." More than one court has recognized that "in common parlance, 'suppose' and 'guess' are frequently used as expressions of the speaker's enlightened opinion." (*Councill* v. *Mayhew*, 172 Ala. 295 [55 So. 314, 317]; *Croft* v. *Chicago, R. I. & P. Ry. Co.*, 134 Iowa 411 [109 N.W. 723, 726]; *Baumann* v. *City of New York*, 180 App.Div. 498 [167 N.Y.S. 720, 722].) The court did not err in the denial of the motion to strike under the circumstances. That the witness' observation was momentary goes to the weight of his testimony rather than to its admissibility.

The failure to give a tendered instruction on "to look is to see" was not error. In *Cooper* v. *Smith*, 209 Cal. 562 [289 P. 614], the court said of a similar proposed instruction at page 566:

"The proposed instruction is a mere commonplace, within the knowledge of all the jurors, and is argumentative, rather than a statement of law."

An instruction on mental suffering was properly given. The plaintiff, a salesman, part of whose duties was exhibiting samples, testified: "I have to open cases and display the merchandise. While I can do it with one hand, it's difficult and very painful when I forget to watch my other hand." The plaintiff suffered the loss of a part of the middle finger and the ring finger was shortened from the fracture by half an inch. They are both stiff and painful. The jury were entitled to infer that plaintiff would reasonably suffer mentally by way of humiliation, shame and anguish, because of the deformity of his hand.

The case of *Crane* v. *Smith*, 23 Cal.2d 288 [144 P.2d 356], is practically conclusive on the question of excessive damages. In that case the court affirmed an award of $4,800 for the loss of a portion of the end joint of an index finger, against the claim that the verdict was excessive. The plaintiff in this case not only lost a portion of the end joint of the middle finger, but suffered an injury to the ring finger which left it tender and stiffened and half an inch shorter than it had been before.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.