[Civ. No. 21642. Second Dist., Div. Three. Oct. 23, 1956.]

NETTIEMAY CALLAHAN, Respondent, v. NICOLAS THEODORE et al., Defendants; THE CITY OF LOS ANGELES, Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, William E. Still and Moses A. Berman, Deputy City Attorneys, for Appellant.

Edwin D. Lasker and David L. Mohr for Respondent.

SHINN, P. J.—This is an appeal by the city of Los Angeles from a judgment for $9,000 damages for personal injuries suffered by plaintiff due to a fall over a defective portion of a sidewalk. At the close of plaintiff's testimony, a nonsuit was granted to all the other defendants. The case was tried to a jury, and the sole contention on this appeal is that the court erred in refusing to give certain instructions on contributory negligence which were requested by defendant.

The evidence, stated most favorably to plaintiff, is as follows. On September 21, 1952, at about 6:30 p.m., plaintiff, a 65-year-old widow, was being taken to dinner by a Mr. and Mrs. Mercer and their son at a restaurant on Beverly Boulevard near its intersection with Martel Avenue. The sun was going down but it was still light. Mr. Mercer parked his car on Martel, just north of Beverly, and the party proceeded to walk south along Martel toward Beverly. As the group reached the corner of Martel and Beverly, they started to turn east on Beverly. In the middle of the turn, Mr. Mercer saw plaintiff lurch and fall on her face. Immediately prior to the fall, plaintiff had been talking to Mrs. Mercer. Mr. Mercer testified that he went to plaintiff's assistance and then noticed a triangular-shaped hole in the sidewalk, about 3 or 4 inches wide and about 16 or 18 inches long. He stuck his finger in the

hole and estimated that it was over 3 inches deep. He was about 6 feet away from the hole when he first observed it.

Plaintiff testified that "I was talking to Mr. and Mrs. Mercer, and I glanced right ahead of me, just a casual glance, and I saw the sidewalk was—looked a little different, a little dark, but I certainly felt so secure. I felt that it was safe. . . . Before I fell, when I was a step or perhaps a couple of steps or a step and a half before I fell, I noticed an unusual—as I glanced over I noticed an unusual dark place, but I assumed that it was perfectly safe. It looked to me as I glanced at it that it had been repaired and was perfectly safe." She then caught her foot in the hole and fell, lurching forward on her face. On cross-examination, she added that although the area was dark, she did not notice any break in the pavement. She also testified that she owned glasses but never wore them, because even though she was nearsighted her vision was better without them.

The court instructed the jury that contributory negligence was an issue in the case, that plaintiff could not recover damages if this were proved, and that the burden of proving contributory negligence by a preponderance of the evidence was upon defendant. The court defined negligence and contributory negligence. At plaintiff's request, it gave the following instruction: "While I have instructed you that if the plaintiff was guilty of negligence which contributed proximately to the happening of this accident she cannot recover, such question is one for you to determine from all the facts and circumstances in this case. You must, in determining this question, take into consideration the physical facts and circumstances surrounding the accident, that is, the location, nature and size of the alleged defect, the familiarity or lack of familiarity of plaintiff with the location of the accident, the opportunity, if any, plaintiff had to observe and avoid the same. In other words, the question of her negligence, or lack of it is to be determined from all the circumstances present at the time and place."

At defendant's request, the court instructed the jury that: "It is the duty of a pedestrian traveling on a public street to use ordinary care for his personal safety and to reasonably exercise the faculties with which he is endowed. The law requires that one exercise ordinary care in observing where he is going so as to avoid perils which ordinary prudence and reasonable use of his eyes would disclose; the failure so to do, is negligence."

Defendant contends that these instructions were mere abstract principles of law which did not disclose to the jury its theory of the case, namely, that plaintiff was negligent in looking at, but failing to see, an obvious defect in the sidewalk and in not exercising the care required of a person with impaired vision. It argues that the court erred prejudicially in refusing the four requested instructions which are quoted in the margin.[1]

Plaintiff contends, on the other hand, that the court fully and fairly instructed the jury as to the issue of contributory negligence. We agree.

The first three instructions were argumentative. Assertions such as that one who is looking usually sees what is in plain sight and observes dangers that are clearly apparent will usually be heard in the course of argument that some one was guilty of contributory negligence. Whether the defect in the sidewalk was clearly visible and the danger of it apparent and whether plaintiff either failed to look or to look carefully were factual questions to be argued to the jury. The use in instructions of such terms as "clearly visible and apparent danger" in wholly unnecessary statements of truisms well

---

[1] "General human experience justifies the inference that when one looks in the direction of an object clearly visible, he sees it, and that when he listens, he hears that which is clearly audible. When there is evidence to the effect that one did look, but did not see that which was in plain sight, or that he listened, but did not hear that which he could have heard in the exercise of ordinary care, it follows that either some part of such evidence is untrue or the person was negligently inattentive."

"It is as much negligence to look and fail to see a defective and dangerous condition in the sidewalk or street which is in plain sight, or which is plainly to be seen by the exercise of ordinary care, as it is negligence not to look at all, and if, therefore, you believe from all the evidence in this case that plaintiff, Nettiemay Callahan, should have, by the exercise of ordinary care, seen the claimed dangerous defect in question before walking or driving into it, and if you further find that by the exercise of ordinary care plaintiff could have avoided the accident, then she was guilty of negligence, and if you further find that such negligence on her part, if any, in some degree contributed and was a proximate cause of the accident, then plaintiff may not recover."

"If a danger is so apparent that a person can reasonably be expected to notice it and protect against it, the condition itself constitutes adequate warning, and if a person fails to heed such warning and is injured as a result thereof, she is guilty of contributory negligence."

"It is the rule that one who has defective vision is required to exercise care sufficient to make good such defect. Plaintiff herein was bound, therefore, to use greater care than a person of good eyesight in order to exercise that care which is required of a person having such impairment of vision. Ordinary care to protect herself from injury, however, was all that was required of her, and ordinary care in the case of such person is such care as an ordinarily prudent person with a like infirmity would have exercised under the same or similar circumstances."

known to all persons of average intelligence serves no useful purpose and is conducive to misunderstanding. The instructions in question were not proper statements of law and had no place in the court's instruction. Such digressions into the fields of fact and argument are likely to be taken by jurors as suggestions as to the court's impressions. They derive no virtue from the fact that they constitute a somewhat common fault. The three instructions were subject to criticism in other respects which it is unnecessary to discuss.

■ The instruction that plaintiff was required to use greater care because she had defective eyesight was properly refused. She had glasses and was nearsighted but she testified that she did not use them and saw better without them. In refusing the instruction the court made a notation that there was no evidence that plaintiff's eyesight was defective. In effect the instruction declared that plaintiff's eyesight was defective. This vice alone warranted its rejection. Also it stated the law incorrectly inasmuch as it implied that plaintiff was required to use more than ordinary care. (*Conjorsky* v. *Murray*, 135 Cal.App.2d 478 [287 P.2d 505].)

The jury was instructed "The law requires that one exercise ordinary care in observing where he is going so as to avoid perils which ordinary prudence and reasonable use of his eyes would disclose; the failure so to do, is negligence," and was also instructed as to the matters to be considered in judging the reasonableness of plaintiff's conduct. These were proper and pertinent declarations of legal principles.

The question of plaintiff's negligence was a simple one. She saw an irregularity in the sidewalk, did not recognize it as a hole and stepped into it. The instructions that were given clearly defined the issue for decision. Moreover, there is no reason for a belief that the verdict would have been different had the requested instructions been given.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied November 14, 1956, and appellant's petition for a hearing by the Supreme Court was denied December 19, 1956.