[Civ. No. 23130. Second Dist., Div. Three. Jan. 7, 1959.]

ROBERT A. TANKERSLEY, Respondent, v. LOW & WATSON CONSTRUCTION COMPANY (a Partnership) et al., Defendants; KENNETH A. LOW, Appellant.

Spray, Gould & Bowers for Appellant.

Obegi & High and Jess F. High for Respondent.

NOURSE, J. pro tem.*—This is an appeal by the defendant from a judgment in favor of plaintiff in the sum of $50,000 entered upon the verdict of the jury in an action brought to recover damages for personal injuries sustained by plaintiff through the alleged negligence of defendant.

The relevant facts as established by substantial evidence are: The defendant under contract with the Division of Highways, Department of Public Works of the State of California, engaged in certain road construction work involving the straightening and at one place lowering Topanga Canyon Road in the county of Los Angeles. The portion of the highway under construction was six-tenths of a mile in length and was approximately midway between the northern end of Topanga Canyon Road at Ventura Boulevard and its southern end at the Pacific Coast Highway. By the terms of its contract with the state, the defendant was permitted, on working days, to close the portion of the road under construction to all traffic between the hours of 9 a. m. and 4 p. m. On May 18, 1956, the work had been substantially completed and the work was to be accepted and the highway opened on the afternoon

---

*Assigned by Chairman of Judicial Council.

of that day. The plaintiff was at that time employed as a highway patrolman for the Highway Patrol of the Motor Vehicle Department of the state. On the morning of May 18th, he had been ordered by his superiors to patrol Topanga Canyon Road and particularly that portion which had been straightened through the work done by the defendant. This patrol work was done upon a motorcycle. Shortly before 9 a. m. on the day in question, plaintiff stopped his motorcycle beside a small building that was situated on the west side of the highway immediately north of the project and which was used by the defendant's superintendent in connection with the work. On an occasion prior to the day in question he had noticed that the portion of the highway under construction was closed to traffic by a cable stretched across the highway. While plaintiff was engaged in conversation, employees of the defendant placed signs and barricades upon the highway both north and south of the point at which plaintiff was seated on his motorcycle. Plaintiff saw the work being done. The barricades were in the nature of cross-arms and wooden horses with flashing lights and some bore the word "caution" on them and others "Road Closed." These were staggered across the highway so as not to leave room for an automobile to pass between them. South of these barricades they stretched across the highway between two 8 by 8 wooden posts set in concrete,· a steel cable about one-half or five-eighths inches in diameter. There were no signs, flags or other objects attached to and pendent from the cable. This was the last barrier erected. There was conflict in the evidence as to whether the center of this cable was supported by a wooden post painted white. Just north of the cable were three diamond-shaped signs which were supported by posts 5 feet in height. The cable was between 31 and 36 inches in height where it was attached to the posts. There was conflict in the evidence as to how close these signs were to the cable, the witnesses varying in their estimates from over 30 feet to 2 feet.

The method of barricading the highway used and the barricades erected, including the cable, were designated for use by defendant by the resident engineer of the Board of Public Works after his plan therefor had been approved by that body.

Plaintiff testified that during the conversation above referred to, he asked one Cowan, the job superintendent, if it was alright for him to go through to the Coast Highway and if any cables were up, and that Cowan replied that there were no cables in place and that plaintiff might proceed. No other

witness supported his testimony in this regard. At the close of this conversation plaintiff started his motorcycle and drove onto the highway, turned south, passed between certain of the barriers and signs and struck the cable. The force of the collision was such that it sheared off, above the ground level, one of the 8 by 8 posts to which the cable was attached and plaintiff and his motorcycle came to rest on the highway approximately 40 feet south of the point of collision.

There was a conflict in the evidence as to whether the cable was visible from the point at which plaintiff was seated on his motorcycle beside the construction shack. Plaintiff testified that he did not see it at any time and did not know that it was in place.

At the request of plaintiff the court instructed[1] the jury in the words of section 465.7 of the Vehicle Code and a portion of the "Manual Of Warning Signs, Lights, And Devices For Use In Performance Of Work Upon Highways" issued by the Department of Public Works in 1955. The court further instructed the jury that one who violated section 465.7 of the Vehicle Code was negligent as a matter of law.

Defendant does not claim error in the form of these instructions but asserts that section 465.7 of the Vehicle Code did not prescribe the duties owed by the defendant in closing the highway and was therefore not applicable. It bases its

---

[1] "Section 465.7 of the California Vehicle Code provides as follows: 'The State Department of Public Works shall determine and publicize the specifications for uniform types of warning signs, lights and devices to be placed upon a highway by any person, firm or corporation engaged in performing work which interferes or endangers the safe movement of traffic upon such highway. On and after July 1, 1942, only those signs, lights and devices as are provided for in this section shall be placed upon a highway to warn traffic of work which is being performed on such highway.' "

———[X]———

"The Department of Public Works of the State of California, pursuant to the provisions of Section 465.7 of the California Vehicle Code, has declared the following to be those signs, lights and devices which are authorized to be placed upon a highway by person, firm or corporation engaged in performing work which interferes with or endangers the safe and orderly movement of traffic upon such highway: Barriers or Barricades shall present a vertical face of not less than five and one-half inches facing traffic. If the barrier or barricades is composed of more than one cross or face member, such members shall present a total vertical face of not less than nine inches, no face member considered being less than four inches. Barriers or barricades shall be painted: a. All yellow, or b. With yellow and black alternate stripes on cross or face members. Stripes shall be at an angle of between forty-five and sixty degrees from the horizontal and not less than three inches in width. The yellow stripes may be of greater width than the black stripes."

contention that the giving of these instructions was error upon the fact that section 465.7 is contained in the Vehicle Code and that the subject matter of that code has nothing to do with the construction or repairs of highways but only with moving traffic upon highways. It asserts that the only duties owed by it to the general motoring public in closing a highway, were those imposed by sections 124-125 of the Streets and Highways Code which in substance provide that the Department of Public Works may restrict the use of or close any highway for the protection of the public and may give notice of such restriction or closing by erecting "suitable barriers or obstructions" upon the highway. It therefore contends that as the barriers and signs erected were those designated by the Board of Public Works to be used on the project and were deemed by it to be suitable, the defendant did not breach any duty it owed to the plaintiff. Defendant cites no authority to support its contention and we do not find it tenable.

The provisions of 465.7 of the Vehicle Code and the provisions of 124-125 of the Streets and Highways Code are not in conflict but the Vehicle Code section is complementary of the provisions of the Streets and Highways Code as set forth in the section cited. The purpose of both statutes is to require that warnings be given to traffic moving upon a portion of the highway that is open but which is approaching construction work, whether that work has partially or totally closed the highway under construction. Section 465.7 of the Vehicle Code establishes a uniform method and system to be followed by a contractor in giving that warning and limits the signs and barriers that may be used to those meeting the specifications therefor made by the State Department of Public Works and published by it. Under the provisions of 465.7 if the contractor complies with section 465.7 he has fulfilled the duty that he owes to the public but he is precluded from placing any signs, lights or devices other than those specified by the department's Manual, and if he does so and his departure is the proximate cause of injury to another he cannot escape responsibility. Section 465.7 of the Vehicle Code was clearly applicable under the facts established by the evidence.

Defendant further contends that assuming the applicability of section 465.7 of the Vehicle Code, it was designed to protect the motoring public approaching the closed area and that as plaintiff was not approaching but started from within that portion of the highway upon which signs and

barricades had been erected, he was not a person whom the statute was designed to protect and therefore a failure to comply with the statute did not constitute an actionable wrong against the plaintiff. The contention cannot be sustained. The manual promulgated by the Department of Public Works provides that all ''barriers or barricades shall present a vertical face of not less than five and one-half inches facing traffic'' and should be painted all yellow or with yellow and black alternate stripes on face members. Undoubtedly the purpose of specifying the width of the vertical face of a barrier and its color was to make sure that it would be visible to persons approaching it and thus to prevent persons traveling on the highway, even though they may have passed other barriers and warning signs, from colliding with it. The provisions of the manual as to the construction of a barrier apply not only to the first barrier that may be erected but to all barriers or barricades and are for the protection of those who might enter the highway between signs as well as those who might approach from beyond the signs but fail to observe their warnings. In our opinion the plaintiff was a person whom the statute and regulation were designed to protect.

Defendant asserts that assuming that the cable was a barrier, the fact that it did not comply with the statute was not a proximate cause of the accident. No citation of authority is needed for the proposition defendant advances that the violation of a statute is of no consequence unless it operates as a proximate cause of an accident. That proposition has no application here. Defendant's argument that because the plaintiff knew the road was closed and because he either did not see or ignored the signs stating that the road was closed demonstrates that if the barrier had been constructed in accordance with the statute the plaintiff would not have seen it is wholly untenable. Certainly it could not be said as a matter of law that because he proceeded, knowing the road was closed and negligently failed to observe signs stating that which he already knew, that he would not have observed the last barrier had it been constructed in accordance with specifications set forth in the Manual. Whether the failure to comply with the statute in the erection of the barrier in question was a proximate cause of the accident, was a question of fact for the jury. That question has been determined by the jury adversely to the defendant and the evidence supports its finding.

It is beyond dispute that the cable was a barrier or barricade which blocked the entire highway and that it did not conform

822

to the statutory specifications for such a barrier. These facts themselves effectively dispose of the contention made by appellant that the evidence failed to show that defendant did not comply with the statute.. If it be assumed, as defendant contends, that the evidence failed to show that other signs and barriers erected by it did not conform to the statutory specifications, that fact would in no wise excuse it from failure to comply with the statute as to the barrier in question.

 Defendant requested, and the court refused to give instructions based upon the relationship of licensor and licensee. This refusal is assigned as error. We find nothing in the evidence which would have justified the trial court in giving the requested instructions.

 A license in respect to real property "is an authority to do" an "act which without it would be unlawful." (*Fisher* v. *General Petroleum Corp.*, 123 Cal.App.2d 770 at 776 [267 P.2d 841]; 31 Cal.Jur.2d 210.) The lawfulness of plaintiff's intended use of the closed portion of the highway was not dependent upon any authority to use it from the defendant. His use of it would have been as an officer of a department of the state acting in the performance of his duty and as such lawful. Further, the accident did not occur within that portion of the highway over which defendant had a limited power of control nor was the accident the result of any defect in the premises over which the defendant had such a right of control but on the contrary was caused by a barrier which defendant had erected to prevent entry into that portion of the highway. No question of a license was involved.[2]

 The plaintiff testified without objection as to statements made to him by defendant's construction superintendent relative to his proceeding from the construction shack to the Coast Highway. Defendant now asserts that it was error to receive this testimony as there was no evidence that Cowan had authority to grant permission to anyone to pass over the closed road. The evidence having been received without objection and no motion to strike having been made, defendant cannot here assign its admission as error. (3 Cal.Jur.2d 634.)

 Defendant requested that the court instruct the jury in accordance with BAJI 140.[3] The request was denied. The

[2]We do not have any question here as to the rights and the liabilities of the parties had the plaintiff sustained an injury by reason of some defect in the highway under construction.

[3]"General human experience justifies the inference that when one looks in the direction of an object clearly visible, he sees it, and that when he listens, he hears that which is clearly audible. When there is

court did not err in refusing this instruction. It is but a statement of a commonplace and is argumentative in form. (*Cooper v. Smith,* 209 Cal. 562 at 566 [289 P. 614] ; *Callahan* v. *Theodore,* 145 Cal.App.2d 336 at 339 [302 P.2d 333] ; *Laursen* v. *Tidewater Assoc. Oil Co.,* 123 Cal.App.2d 813 at 818 [268 P.2d 104].)

▇▇▇ The defendant requested the court to instruct the jury in accordance with section 510 of the Vehicle Code. (Basic speed law.) The submitted instruction was in the form of BAJI 144 as printed in the fourth edition of that work.

Under the evidence the defendant was entitled to the instruction requested. The plaintiff testified that immediately before the accident he was traveling at approximately 26 miles per hour and the evidence as to the force of the impact would justify the jury in believing that he was traveling at a speed in excess of his estimate. It was a question of fact for the determination of the jury as to whether under the circumstances his speed was a reasonable one. While the court erred in refusing the requested instruction, we have concluded that the defendant was not prejudiced thereby.

By its instructions the court in addition to defining negligence, ordinary care and contributory negligence instructed the jury that one who was guilty of contributory negligence could not recover from another for injuries suffered.[4] It further instructed the jury as follows: "Inasmuch as the amount of caution used by the ordinarily prudent person varies in direct proportion to the danger known to be involved in his undertaking, it follows that in the exercise of ordinary care, the amount of caution required will vary in accordance with the nature of the act and the surrounding circumstances. To put the matter in another way, the amount of caution required by the law increases as does the danger that reasonably should be apprehended."[5] The evidence is undisputed that the plaintiff knew that the road was closed to travel by the public and that he had seen certain barricades and signs being put in place and that in approaching the cable he passed between two of them with only six inches to spare on

---

evidence to the effect that one did look, but did not see that which was in plain sight, or that he listened, but did not hear that which he could have heard in the exercise of ordinary care, it follows that either some part of such evidence is untrue or the person was negligently inattentive."

[4]BAJI 103 as modified.

[5]BAJI 102A.

each side. Under the instructions given the jury were told that plaintiff was required to use the amount of caution which an ordinarily prudent person, having the same knowledge of danger as the plaintiff had, would have used under the same circumstances. That this would include caution as to the speed at which he was driving seems evident.

The speed at which it is unlawful to drive a vehicle under section 510 of the Vehicle Code is one which is not reasonable having due regard for the traffic on, and the surface and width of the highway. In other words, it is a speed greater than that at which a person who is exercising requisite caution under the existing circumstances would drive. For all practical purposes the instruction given by the court and which we have quoted above place the same duty upon the plaintiff as would have been placed upon him by the giving of the instruction refused. The jury having been instructed upon the proposition of the caution which the plaintiff was required to exercise, it does not seem probable that they would have arrived at a different verdict had that proposition been specifically directed to the question of speed by giving the requested instruction.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 4, 1959.