[Civ. No. 24220.   Second Dist., Div. Three.   July 7, 1960.]

CHARLES GLANVILLE, Appellant, v. FIELDS WILLIE CANNICK, Respondent.

Edward L. Condon for Appellant.

Hunter & Liljestrom, Sawtelle & Clausen and Kenneth H. Clausen for Respondent.

SHINN, P. J.—In a jury trial of an action for personal injuries arising out of a collision of automobiles, verdict and judgment were for defendant; plaintiff appeals from the judgment and has noticed an appeal from the verdict.

The facts may be stated briefly. Plaintiff, who was 65 years of age, owned and operated a cocktail lounge in Long Beach. He purchased four tickets to an afternoon professional football game at the Los Angeles Coliseum and invited three friends, Leonard Hainline and a Mr. and Mrs. Swope, to attend the game as his guests. It was understood that plaintiff would provide transportation. As his own car seated only two persons, plaintiff borrowed his daughter's Ford sedan to drive to Los Angeles. When his guests arrived at the cocktail lounge

on the morning of the game, plaintiff asked Hainline to do the driving because he thought traffic would be heavy and he "figured he [Hainline] was a younger man."

The accident occurred at 5 p. m. at the intersection of Figueroa and 52nd Streets on the return trip from Los Angeles. It was still daylight, the streets were dry and visibility was good. Figueroa has three southbound and three northbound lanes; Hainline was proceeding south in the extreme righthand lane next to the curb; plaintiff was beside him in the front seat; the Swopes were in the back seat; traffic was heavy in all three southbound lanes. Hainline testified that the signal was green for traffic on Figueroa as he approached the intersection; he was traveling at 25-30 miles per hour and was about 5 feet to the rear of the cars in the adjacent southbound lanes; when he was about 15 or 20 feet from the intersection he saw the cars to his left come to a stop; he then saw defendant's car making a left turn onto 52nd Street in front of him "from the front of the other two cars"; he applied his brakes but was unable to avoid a collision. The other occupants did not see defendant's car until just before the impact. It was stipulated that the Ford left 30 feet of front wheel skidmarks leading to the point of impact and 5 feet of centrifugal brush skidmarks leading in a southwesterly direction.

Defendant testified that as he approached 52nd Street going north on Figueroa he signaled for a left turn with his automatic blinker device and paused in the intersection. Although traffic was moving south he saw no cars in the lane next to the curb. After three cars in each of the two other southbound lanes crossed 52nd Street, he began to turn slowly onto 52nd Street. As he did so he could see about 50 feet into the curb lane on Figueroa; he saw no cars coming. When the front of his car had proceeded a few feet into the curb lane he saw the Ford coming toward him at a speed of 30 to 35 miles an hour; when he first saw it the Ford was about 25 feet away; he applied his brakes but the front of the Ford struck the right side of his car.

It was alleged in the answer that Hainline was acting as plaintiff's agent at the time of the accident and that the former was guilty of negligence which was the proximate cause of the collision.

The court gave the following instruction on the subject of agency: "It has been established that Mr. Hainline, who was driving the Ford automobile involved in the accident

in question, was acting as the agent of the plaintiff at the time of the events out of which the accident occurred. Thus, if the driver was negligent, his negligence is imputed to the plaintiff.''

It is contended that the court committed error in giving the foregoing instruction. Plaintiff argues that the question of agency was one of fact for the jury and should not have been resolved against him as a matter of law. We cannot agree.

When it is claimed that the driver of an automobile is acting as the agent of his passenger, the crucial question to be determined is whether the latter has the right to control the former in the operation of the vehicle. (*Edwards* v. *Freeman,* 34 Cal.2d 589 [212 P.2d 883].) If the car belongs to the driver, the mere fact that the trip may have been undertaken for the passenger's benefit is insufficient to establish that the passenger had the right of control. (*Flores* v. *Brown,* 39 Cal.2d 622, 628-629 [248 P.2d 922], and cases cited.) Nor does the passenger have any right of control over his own car when the trip is undertaken for the driver's purposes and the passenger's presence is merely incidental. (*McNett* v. *Volfi,* 205 Cal. 89 [269 P. 932].) However, when the passenger provides the car and the driver is operating it for the passenger's own benefit, it has been held that the relationship of principal and agent exists as a matter of law. (*Souza* v. *Corti,* 22 Cal.2d 454, 461 [139 P.2d 645, 147 A.L.R. 861]; *Graf* v. *Harvey,* 79 Cal.App.2d 64 [179 P.2d 348].) We think the Souza and Graf cases are determinative. The car was furnished by plaintiff; Hainline was not driving it for his own purposes but did so to enable plaintiff to provide transportation for himself and his guests. The undisputed evidence in the case established that Hainline was plaintiff's agent. The instruction was properly given.

Plaintiff also contends that the court committed error in refusing to give the following instruction which he requested (BAJI 140) : ''General human experience justifies the inference that when one looks in the direction of an object clearly visible, he sees it, and that when he listens, he hears that which is clearly audible. When there is evidence to the effect that one did look, but did not see that which was in plain sight, or that he listened, but did not hear that which he could have heard in the exercise of ordinary care, it follows that either some part of such evidence is untrue or the person was negligently inattentive.''

There was no occasion for giving the proposed instruction.

It is argumentative and merely states a commonplace. (*Laursen* v. *Tidewater Assoc. Oil Co.*, 123 Cal.App.2d 813, 818 [268 P.2d 104], and cases cited; *Callahan* v. *Theodore,* 145 Cal.App. 2d 336 [302 P.2d 333]; *Tankersley* v. *Low & Watson Constr. Co.,* 166 Cal.App.2d 815, 822-823 [333 P.2d 765].) Plaintiff relies, however, upon *Rubalcaba* v. *Sweeney,* 168 Cal.App.2d 1 [335 P.2d 157], in which it was held error to refuse the instruction. In that case Rubalcaba was struck by Sweeney's truck while crossing the street at night in a marked crosswalk; Sweeney testified that although his lights were on high beam he did not see Rubalcaba until the moment of impact. The court held that under the particular facts of that case the instruction should have been given and that the error, together with other errors in instructing the jury, compelled a reversal of the judgment in favor of Sweeney.

We cannot hold that it was error to refuse the instruction in the present case. The jury was instructed in the language of former section 551 of the Vehicle Code as to the standard of care applicable to motorists intending to make a left turn on the highway. The instructions that were given informed the jury that defendant was required to yield the right of way to any southbound vehicle on Figueroa that was so close to him as to constitute a hazard during the turning movement. On its own motion, the court gave an additional instruction which we have set forth in the footnote.[1] We think the jurors could hardly have failed to understand that in determining whether defendant was negligent they had to decide whether defendant saw or should have seen the Ford sedan before commencing his turn.

The appeal from the verdict is dismissed and the judgment is affirmed.

Vallée, J., and Ford, J., concurred.

---

[1] "You may ask yourself the question: When is a vehicle so close as to constitute a hazard during the turning movement: A vehicle is so close as to constitute a hazard to another vehicle headed in the opposite direction and intending to turn left at an intersection whenever a reasonably prudent person in the position of the driver intending to turn left would realize that the two vehicles would probably collide at some time during the turning movement if he did not stop."