[Civ. No. 19465. First Dist., Div. Two. July 24, 1961.]

WILLIAM JOHNSON, Respondent, v. A. SCHILLING AND COMPANY (a Corporation) et al., Appellants.

Boyd, Taylor, Nave & Flageollet and Herbert Chamberlain for Appellants.

Jack H. Werchick for Respondent.

SHOEMAKER, J.—This is an appeal by defendants from a judgment for plaintiff in a personal injury action, and from the order denying their motion for judgment notwithstanding the verdict.

Plaintiff was a sheet metal worker employed by East Bay Sheet Metal Company. That company had a contract to perform repairs on the roof of a building owned by defendants A. Schilling and Company and McCormick and Company, Inc. The roof was of corrugated iron with an 18-degree pitch and had been constructed in 1938. On December 21, 1953, plaintiff was instructed by his foreman to install flashings around a skylight on this roof. When plaintiff had been on the roof for about an hour, he started to walk to the top of the roof to get certain tools and material. Plaintiff, in a bent-over position, had taken about three or four steps when he slightly lost his balance and, in an attempt to steady himself, reached out for the frame of the skylight. His hand missed the frame, however, and rested on a glass pane of the skylight which was already cracked and which broke under his weight so that he fell through the skylight and suffered the injuries of which he complains.

The judgment appealed from was entered after the fourth trial of this cause. A judgment entered after the second trial was reversed by this court. (*Johnson* v. *A. Schilling & Co.* (1959), 170 Cal.App.2d 318 [339 P.2d 139].)

Appellants' contentions are two: (1) that the evidence was insufficient to support the judgment; and (2) that the trial court committed prejudicial error in giving certain instructions and in refusing to give other instructions.

We first consider the question of whether the evidence was sufficient to support the judgment. Since this case has already been once before this court and since appellants and respondent are in substantial disagreement as to the points decided on the prior appeal, reference must be made to the text of this opinion, which sets forth the law of the case. In *Johnson* v. *A. Schilling & Co., supra*, plaintiff appealed from a directed verdict for defendants. The question thus before the court was whether there was any evidence or offer of proof sufficient to support a judgment for plaintiff. Plaintiff-appellant's argument for reversal was (1) that the evidence and offer of proof would sustain a judgment against defendant on the common-law liability of an owner to an invitee, and (2) that the trial court erred in ruling that defendants were

128

not liable as an "employer" under Labor Code, sections 6304, 6400 and 6401. The court ruled in favor of plaintiff-appellant on both these points.

The court first held that there was sufficient evidence to establish defendants' liability as invitors, since a jury could have found that a latent defect existed on the premises when they were turned over to the contractor. There was evidence that a space between the roof and its supports caused the roof to be unstable. Since this defect was readily observable from the interior of the building and could not be seen from the roof, it could thus have constituted a dangerous condition of which defendant landowners knew and which was not obvious to the invitee. Under these circumstances, there would be a resultant duty to warn the invitee, and a resultant liability for failure to do so.

Although the court indicated that this ground alone was sufficient to compel a reversal, the court stated that the necessities of a new trial required consideration of the other question as well.

The court then stated: "Section 6302, Labor Code, defines 'place of employment' as 'any place, and the premises appurtenant thereto, where employment is carried on . . .' Section 6304 reads: ' "Employer" shall have the same meaning as in section 3300 and shall also include every person having direction, management, control, or custody of any employment, *place of employment,* or any employee' (Emphasis ours.) This definition is obviously intended to enlarge the meaning of 'employer' beyond its usual meaning for the purposes of Division 5 of the Labor Code in which it is found and which deals specifically with 'Safety In Employment.' Where an owner of real property contracts to have work done on his property such property becomes a place 'where employment is carried on' and hence a place of employment under the definition of section 6302. Since the owner has 'custody and control' of his own property, he then has custody and control of a 'place of employment' and hence is an 'employer' within the definition of section 6304. . . ." (*Johnson* v. *A. Schilling & Co., supra,* p. 322.)

The court further stated: "We are satisfied that as to unsafe conditions of employment which exist in the place of employment at the time that it is turned over by the owner to an independent contractor the owner is an 'employer' within the meaning of Labor Code, section 6304. This being so the owner's duties as 'employer' under 6304 were obviously

greater than his common-law duties as invitor to an invitee. As 'employer' under that section he was obliged under section 6400, Labor Code, to furnish a place of employment which was 'safe for the employees therein.' This is a statutory duty which cannot be satisfied by mere warning or obviousness, those questions going only to the question of the injured party's contributory negligence. [Citation.]'' (P. 324.)

The court also stated that all evidence of the unsafe condition of the roof at the time it was turned over to the contractor would be relevant as to the ''employer's'' standard of care. Specific reference was made to ''the cracked and unsafe condition of the glass in the skylight'' and whether there should have been guard railings around the skylights (p. 324).

Appellants argue, however, that this court need not be controlled by the law of the case as set forth on the prior appeal; that the Labor Code sections setting forth the duty of an ''employer'' should not be interpreted as applying to owners such as appellants who merely hired an independent contractor to do work on their premises. Although the law of the case need not invariably be followed on a second appeal, appellants fail to point out any difference between the facts presented at this trial and the prior trial which would make the Labor Code sections less applicable. Furthermore, the interpretation set forth on the prior appeal was in accord with previous cases construing the sections. (*Maia* v. *Security Lumber & Concrete Co.* (1958), 160 Cal.App.2d 16 [324 P.2d 657]; *Atherley* v. *MacDonald, Young & Nelson* (1956), 142 Cal.App.2d 575 [298 P.2d 700].)

The judgment appealed from must be upheld if there was sufficient evidence presented at the last trial which would support *either* of the two theories of liability approved on the prior appeal. Appellants first discuss the question that there was no evidence sufficient to sustain a finding that appellants breached their duty as invitors by failing to warn respondent of a latent defect. Since the court expressly held on the prior appeal that appellants' liability was to be governed by the higher standard of care set forth by the Labor Code sections applicable to an ''employer,'' the real question to be determined on this appeal is whether appellants' conduct fell below this standard. If the evidence is sufficient to sustain a finding to this effect, the judgment must still be upheld regardless of whether there is sufficient evidence that appellants breached their duty as invitors.

The court, on the prior appeal of this case, stated that "as to unsafe conditions of employment which exist in the place of employment at the time that it is turned over by the owner to an independent contractor the owner is an 'employer' within the meaning of Labor Code, section 6304. . . . As 'employer' under that section he was obliged under section 6400, Labor Code, to furnish a place of employment which was 'safe for the employees therein.' This is a statutory duty which cannot be satisfied by mere warning or obviousness. . . ." (*Johnson* v. *A. Schilling & Co., supra,* p. 324.)

 The evidence at the last trial established that appellants owned the premises where the accident occurred and that they employed independent contractors to do work on these premises. Since appellants' building was thus a "place of employment" under section 6302 of the Labor Code, appellants were an "employer" and obliged, under section 6400 of the Labor Code, to see that the premises were "safe for the employees therein." We are satisfied that there was sufficient evidence that appellants' premises, when turned over to the independent contractor, contained conditions which made them unsafe for employees, for the record discloses that the roof was steep; that it was flexible, waving and unsteady when walked upon; and that this condition of the roof was due to the way in which it had originally been constructed. There was also evidence that the glass in the skylight was cracked and had been so for a long time prior to the accident; that the skylight had only a 1½-inch curb on it, and that the curb should have been one foot high to indicate that an opening existed and to prevent a person from stepping into it; in addition, there was evidence that in order for the roof to be safe for workmen, in its then condition, there should have been a railing or covering to guard the skylight opening.

Upon such a record, the jurors would be entitled to find that appellants, as an "employer" under section 6400 of the Labor Code, had failed to provide a safe place of employment for respondent; also, that this breach of duty on appellants' part had proximately caused respondent's injuries.

Appellants further contend that the evidence establishes as a matter of law that respondent was guilty of contributory negligence. Here again, appellants continue to talk in terms of their liability to respondent as an invitee. Appellants argue that there was no evidence of a latent defect and that any danger inherent in the unguarded skylight must have been obvious to respondent as a matter of law. Since the court, on

the prior appeal of this cause, determined that appellants were an "employer" under section 6304 of the Labor Code, there was no need to prove the existence of a latent defect in order to establish liability on the part of appellants. However, the obviousness of the defect would be relevant as to the issue of respondent's contributory negligence.

Appellants contend that the facts indisputably establish that respondent was contributorily negligent. ▇▇ Contributory negligence may be determined as a matter of law only if reasonable men can draw but one conclusion from the evidence presented. (*Gray* v. *Brinkerhoff* (1953), 41 Cal.2d 180, 183 [258 P.2d 834].) ▇▇ In our case, respondent, in order to do his work, was obliged to walk upon a roof which was waving and unsteady and which contained unguarded skylights. The mere fact that he momentarily lost his balance while walking on this roof and fell through the skylight does not establish contributory negligence on his part as a matter of law. The question was one of fact which was properly left to the jury. The case of *Mitchell* v. *A. J. Bayer Co.* (1954), 126 Cal.App.2d 501 [272 P.2d 870], relied on by appellants by reason of its facts, is not in point.

Appellants next complain of numerous errors in the instructions to the jury. ▇▇ Appellants' first argument is that the trial court instructed the jury in the words of sections 6400 and 6401 of the Labor Code, and then told the jury that an owner of real property who contracted to have work done on his property was an employer within these provisions; and further, that violation of these sections would constitute a rebuttable presumption of negligence.

These instructions did nothing more than correctly set forth the law of the case as established on the prior appeal. Appellants insist, however, that Labor Code, section 6401 (which sets forth the employer's duty to provide safety devices and safeguards), was not specifically mentioned in the prior opinion. It may be noted that the court, in referring to the definition of "employer" contained in section 6304, stated:

". . . This definition is obviously intended to enlarge the meaning of 'employer' beyond its usual meaning for the purposes of Division 5 of the Labor Code in which it is found and which deals specifically with 'Safety In Employment.'. . ." (*Johnson* v. *A. Schilling & Co., supra,* p. 322.)

Since section 6401 is contained within division 5 of the

Labor Code and is one of the related sections dealing with safety requirements, it would seem obvious that this section would be applicable to appellants, despite the fact that it was not specifically mentioned by the court on the prior appeal. Furthermore, the court did make specific reference to section 6401 in setting forth appellants' contention that the trial court had improperly excluded evidence of the pertinent Labor Code provisions (p. 321).

■ Appellants next object to the following instruction given by the trial court: ''It has been established that the building and roof involved in the accident were the property of the defendant, and that it was in charge of and being operated by agents of that defendant, acting within the scope of their authority. Thus, their conduct shall be deemed *to* you to have been the conduct of the corporation, Schilling-McCormick.''

Appellants assert that this instruction conflicts with a prior instruction, admittedly correct, stating that an owner of real property ''is not responsible for any work done or condition created, if any, by the contractor or contractor's employees in the course of the work.'' Appellants apparently are contending that the first of these two instructions makes appellants liable for the acts of their ''agents'' who were in charge of and operating the building and the roof. Their argument is that the independent contractor was actually in charge of the roof and that the jurors might thus have been confused by this instruction and led to believe that appellants were to be held liable for the acts of the independent contractor and his workmen.

This contention is obviously of little merit. The first instruction refers only to appellants' own agents, officers and employees who were actually in charge of the corporate premises. Particularly is this true in view of a prior instruction, which states: ''The defendant, Schilling-McCormick, is a corporation and as such can act only through its officers and employees, who are its agents. . . .''

■ Appellants contend that the trial court erred in refusing to give Defendants' Instructions Numbers 3, 5, 10 and 11. Instruction Number 3 stated that appellants were not to be held liable for any changes in the surface of the roof caused by the work done by the independent contractor. It would seem clear that this subject was adequately covered by the trial court when it instructed the jurors that appellants were ''not responsible for any work done or condition

created, if any, by the contractor or contractor's employees in the course of the work." Instruction Number 5 was also properly refused by the trial court, since it merely reiterated the statement that appellants were not liable for the negligent acts of the independent contractor in performing the work.

██ Defendants' Instructions Numbers 10 and 11 were statements of the standard of care applicable to an invitor. Number 10 contains the statement that a real property owner's "only duty" is to use ordinary care to keep the premises in "a reasonably safe condition." This instruction inaccurately stated the law of the case, since appellants were held to an "employer's" standard of care under the Labor Code. The jurors were properly instructed that appellants were under a duty to use reasonable care to provide the workman "with a reasonably safe place in which to work and in seeing that such premises, equipment, and facilities as are under the owner's control, and which the workman is likely to use, are reasonably safe for such use . . ." Instruction Number 11 contains the statement that appellants were not liable for injury resulting from "a patent and obvious condition which the injured person should have seen and avoided." Although the fact that a dangerous condition was obvious might well be appropriate to the issue of contributory negligence, this would be a question of fact for the jury. They should certainly not have been informed that an owner is not liable for injuries resulting from such a condition. Furthermore, the trial court instructed the jury that "[t]he defendant, so long as it was exercising care in providing a reasonably safe place to work . . . had a right to assume that the plaintiff was possessed of normal faculties of sight and hearing and would exercise ordinary care." It would thus seem apparent that the subjects contained in Instructions Numbers 10 and 11, to the extent that they correctly state the law, were adequately covered by the trial court in other instructions.

Appellants next object to several instructions relating to the defense of contributory negligence. ██ The first instruction of which appellants complain contained the statement that the burden of proving contributory negligence was on defendants unless it could be inferred from the evidence offered by the plaintiff. Appellants contend that the giving of this instruction was prejudicial error and cite *Perrotti* v. *Sampson* (1958), 163 Cal.App.2d 280 [329 P.2d

310] as authority for this proposition. Appellants overlook the fact that the *Perrotti* case held such an instruction to be erroneous because it was prejudicial to *plaintiff*, since it informed the jurors that the burden of proving contributory negligence would shift from the defendant under certain circumstances, whereas the correct rule is that the burden remains constant and must be borne by the defendant throughout the trial. Appellants are thus complaining of an instruction which constituted error because it was prejudicial to respondent. ''The clearest examples of errors nonreviewable are those which are in favor of the appellant or against the respondent. . . .'' (3 Witkin, California Procedure, Appeal, § 71, p. 2227.)

▮▮▮▮▮ Appellants contend that the trial court erred in instructing the jury on momentary forgetfulness. The instruction given by the court stated: ''Momentary forgetfulness of a known danger will not of itself operate to prevent plaintiff's recovery, for to forget is not negligence unless it shows a want of ordinary care. To forget a danger once known to exist or to be in a state of abstraction or absent-mindedness, or to err in judgment or to momentarily forget cautionary measures which should otherwise have been taken may or may not be negligent, depending on whether or not, in the circumstances, it shows a want of ordinary care.''

Appellants urge that there was no basis in the evidence for the application of such an instruction, since respondent's own testimony was to the effect that he was fully aware of the existence of the skylight and that the accident occurred when he momentarily lost his balance and attempted to steady himself by grasping the frame of the skylight. Certainly, under this version of the accident, no instruction of momentary forgetfulness would be warranted.

Respondent points to testimony of Mr. Leiterman, respondent's foreman, that he observed respondent walking backward in the direction of the skylight; that Leiterman then turned his attention back to his work, but looked up when he heard the crack of the glass and saw respondent falling through the skylight with his arms over his head. However, this testimony cannot establish, even by inference, the fact that plaintiff stepped backward into the skylight as against plaintiff's own testimony as to what actually took place. Respondent's own testimony is admittedly inconsistent with any theory of momentary forgetfulness.

Assuming that a party would be entitled to instructions

bearing on any reasonable theory of the case based upon evidence presented by his opponent, even though such evidence was inconsistent with his own testimony (see *Magee* v. *Fasulis* (1944), 65 Cal.App.2d 94 [150 P.2d 281]), we are not faced by such circumstances here and the authorities cited in support of this contention are not valid.

The next question to be determined is whether the giving of the instruction on momentary forgetfulness can be deemed to have prejudiced appellants under article VI, section 4½, of the California Constitution. Five hours after the jury retired for its deliberations they returned to the courtroom and requested that the instruction on momentary forgetfulness be read back to them. Under these circumstances, it appears to us that the jurors were decidedly influenced by this instruction and led to believe that a finding of momentary forgetfulness on respondent's part could exonerate him from contributory negligence. The giving of this instruction cannot be deemed to have been nonprejudicial.

Although it would therefore seem unnecessary to consider appellants' other assignments of error, they will be briefly discussed. Appellants object to the giving of an instruction on sudden peril, alleging that there were no facts to warrant its application. Respondent's testimony was to the effect that he lost his balance and then reached down to steady himself by grasping the frame of the skylight. Certainly it is not unreasonable to view a momentary loss of balance as "sudden peril" and to instruct that under these circumstances respondent was "not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer and more deliberate moments. . . ." This instruction was clearly related to the question of whether or not respondent's action after losing his balance could be viewed as reasonable and was properly given.

Appellants also object to the giving of an instruction that a workman whose job requires him to work in a dangerous location may of necessity be limited in the amount of caution which he may take for his own safety and which is generally required in the exercise of ordinary care. It would seem clear that this instruction was an appropriate one in view of the fact that the roof on which respondent was working was sloping, uneven, and unsteady, and contained several unguarded skylights. Such a roof might well be considered a dangerous place of employment, and it is

also reasonable to assume that respondent would not be able to exercise the same amount of caution which could be expected of him when working on a flat and level surface location.

Appellants' final objection is to the trial court's failure to give their requested instruction on looking and not seeing. ''Looking and not seeing'' instructions have been criticized as argumentative and as wholly unnecessary statements of a truism. (*Callahan* v. *Theodore* (1956), 145 Cal. App.2d 336, 339 [302 P.2d 333] ; *Tankersley* v. *Low & Watson Constr. Co.* (1959), 166 Cal.App.2d 815, 822 [333 P.2d 765].) Furthermore, the trial court did give an instruction to the effect that if appellants were exercising the degree of care required of them, they ''had a right to assume that the plaintiff was possessed of normal faculties of sight and hearing and would exercise ordinary care.''

The order denying appellants' motion for judgment notwithstanding the verdict is affirmed.

Judgment reversed. Appellants to recover costs on appeal.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied August 23, 1961, and respondent's petition for a hearing by the Supreme Court was denied September 20, 1961.