[Civ. No. 23836.   First Dist., Div. One.   Sept. 21, 1967.]

DONALD DeGEORGE, Plaintiff and Appellant, v. JAMES GEORGE CRIMMINS, Defendant and Respondent.

Norback & Law and Ernest H. Norback for Plaintiff and Appellant.

Nagle, Vale & McDowall and William Nagle, Jr., for Defendant and Respondent.

ELKINGTON, J.—Donald DeGeorge, plaintiff in an action for personal injuries, appeals from a judgment entered following a defense verdict. He urges error in the giving and refusing of certain instructions.

His first assignment of error is stated as: *The court committed prejudicial error in refusing to give to the jury plaintiff's requested instruction on looking and not seeing.*

The action involved an automobile collision in which plaintiff's car was rear-ended by an automobile driven by defendant. Defendant testified that he did not see plaintiff's car until practically the instant of impact although it was in the same lane right in front of him.

Plaintiff requested that the court instruct the jury, in the language of instruction numbered 140 of BAJI, as follows: "General human experience justifies the inference that when one looks in the direction of an object clearly visible, he sees it, and that when he listens, he hears that which is clearly audible. When there is evidence to the effect that one did look, but did not see that which was in plain sight, or that he listened, but did not hear that which he could have heard in the exercise of ordinary care, it follows that either some part of such evidence is untrue or the person was negligently inattentive." The requested instruction was refused.

This instruction has many times been criticized as argumentative and as simply stating a self-evident truth. Such an instruction "is a mere commonplace, within the knowledge of all the jurors, and is argumentative, rather than a statement of law." (*Cooper* v. *Smith*, 209 Cal. 562, 566 [289 P. 614];

*Fabela* v. *Hargis,* 147 Cal.App.2d 809, 817 [305 P.2d 901]; *Schwenger* v. *Gaither,* 87 Cal.App.2d 913, 914-915 [198 P.2d 108].)

In *Rubalcaba* v. *Sweeney,* 168 Cal.App.2d 1, 6 [335 P.2d 157], relied upon by plaintiff, failure to give the "look and see" instruction on request, was held to be prejudicial error. This holding, however, is contrary to the clear weight of authority in this state. (See *Cooper* v. *Smith, supra,* 209 Cal. 562, 566; *Hom* v. *Clark,* 221 Cal.App.2d 622, 647-648 [35 Cal.Rptr. 11]; *Abney* v. *Coalwell,* 200 Cal.App.2d 892, 899 [19 Cal.Rptr. 846]; *Glanville* v. *Cannick,* 182 Cal.App.2d 514, 517-518 [6 Cal.Rptr. 175]; *Tankersley* v. *Low & Watson Constr. Co.,* 166 Cal.App.2d 815, 822-823 [333 P.2d 765]; *Fabela* v. *Hargis, supra,* 147 Cal.App.2d 809, 816-817; *Patterson* v. *Delta Lines, Inc.,* 147 Cal.App.2d 160, 163 [304 P.2d 842]; *Chadek* v. *Spira,* 146 Cal.App.2d 360, 366 [303 P.2d 879]; *Callahan* v. *Theodore,* 145 Cal.App.2d 336, 339 [302 P.2d 333]; *Laursen* v. *Tidewater Assoc. Oil Co.,* 123 Cal.App. 2d 813, 818 [268 P.2d 104]; *Rickey* v. *Kardassakis,* 110 Cal. App.2d 291, 295 [242 P.2d 384]; *Schwenger* v. *Gaither, supra,* 87 Cal.App.2d 913, 914.

We hold the refusal to give the requested instruction not to be error.

Plaintiff's remaining assignment of error is: *The court committed prejudicial error in instructing the jury, at defendant's request, on sections 22109, 22110 and 22111 of the Vehicle Code.*

The complained of instructions were given as follows: "The following sections of the Vehicle Code of the State of California were in full force and effect at the time of the accident: 'Section 22109: Signal when stopping. No person shall stop or suddenly decrease the speed of a vehicle on a highway without first giving an appropriate signal in the manner provided in this chapter to the driver of any vehicle immediately to the rear when there is opportunity to give the signal. Section 22110: The signals required by this chapter shall be given either by means of the hand and arm or by a signal lamp or mechanical signal device, but when the body or load on any vehicle or combination of vehicles projects 24 inches or more to the left of the center of the steering wheel, or under any condition when a hand and arm signal would not be visible both to the front and rear of the vehicle or vehicles, then the vehicle or vehicles shall be equipped with and signals shall be given by a signal lamp or device. Section

22111: Hand signals. All signals required to be given by hand and arm shall be given from the left side of a vehicle in the following manner: (a) Left turn—hand and arm extended horizontally beyond the side of the vehicle. (b) Right turn—hand and arm extended upwards beyond the side of the vehicle. (c) Stop or sudden decrease of speed signal—hand and arm extended downward beyond the side of the vehicle.' ''

Plaintiff contends that these instructions had no relation to the evidence developed, or to any theory of defendant's case, and that they had a tendency prejudicially, to mislead the jury.

A study of the record indicates that throughout the trial no questions were asked of witnesses, no testimony or other evidence was adduced, and no mention was made, concerning the giving or non-giving of signals required by Vehicle Code sections 22109-22111. Such instructions, unrelated to the issues, and unsupported by the evidence, in our opinion, were likely to confuse and mislead the jury. They tended to encourage speculation as to whether plaintiff did or did not give the described signals. ''An instruction if not applicable to the facts proved and the issues raised by the pleadings may easily mislead the jury.'' (*Stoneburner* v. *Richfield Oil Co.*, 118 Cal.App. 449, 456 [5 P.2d 436].) And since the jury were divided, nine to three, it seems strongly probable that the questioned instructions did influence their verdict.

''An instruction is erroneous if, though *abstractly correct* as a statement of law, it is not within the issues developed by the evidence or reasonable inferences therefrom. And if it is likely to mislead the jury the error is prejudicial.'' (2 Witkin, Cal. Procedure (1954), Trial, § 68, p. 1799; see also *Davenport* v. *Stratton,* 24 Cal.2d 232, 254 [149 P.2d 4]; *Smith* v. *Shankman,* 208 Cal.App.2d 177, 187 [25 Cal.Rptr. 195]; *Untalan* v. *Glass,* 190 Cal.App.2d 474, 477 [12 Cal.Rptr. 1]; *Strandt* v. *Cannon,* 29 Cal.App.2d 509, 513 [85 P.2d 160].)

We must and do conclude that the giving of the instructions in question constituted error prejudicial to the plaintiff.

The judgment is reversed.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied October 17, 1967, and respondent's petition for a hearing by the Supreme Court was denied November 15, 1967.